SAMUEL, Judge.
Plaintiff filed this suit for workmen’s compensation benefits, penalties and attorney’s fees. The sole defendant is his employer, the City of New Orleans. Following trial there was judgment in favor of plaintiff holding him entitled to compensation benefits [1] from June 4 to July 6,1978, restoration of sick leave of which he had been deprived, the statutory penalty, $750 for attorney’s fees, and $315 for medical services rendered by Dr. Dominic Condie. The defendant has appealed. Plaintiff has answered the appeal as explained hereinafter.
On May 30, 1978 plaintiff, a New Orleans patrolman, was injured when a squad car in which he was riding as a passenger was involved in an accident. He made a written report the following day indicating his left shoulder had been injured, and that he had previously injured the same shoulder in a prior incident at the police academy while in training some eighteen months earlier.
On June 2, 1978 plaintiff was seen by Dr. Condie who is paid by the City. Dr. Condie performed an examination, took x-rays, and diagnosed plaintiff’s injuries as pulled muscles in the left shoulder. Plaintiff received therapy until July 7, 1978 when he was released to return to limited duty. The City concedes it made a mistake in not paying plaintiff compensation benefits from June 4 to July 7.
On July 14 plaintiff returned to Dr. Con-die stating he had reinjured the same shoulder while teaching his child how to swim. Dr. Condie referred plaintiff to Dr. Roy Marrero, an orthopedic surgeon.
Plaintiff told Dr. Marrero he first dislocated his shoulder at the police academy and had several recurrences since that time, including the automobile accident of May 30. He did not mention the swimming pool incident.
On some occasions plaintiff had described his injury as a shoulder separation and it appears he was unaware there is a difference between a separation and a dislocation. Dr. Condie did not find plaintiff had either, because there would have been some evidence in the x-rays taken on June 2. But, without examining Condie’s records or or *548 dering x-rays taken, and in spite of the fact that the physical examination was negative for dislocation, Dr. Marrero performed surgery on plaintiff’s shoulder because of the history given him by plaintiff.
The trial court refused to award compensation benefits after July 7, 1978, finding the incident at the pool and the subsequent operation were not work related.
Appellant contends the trial court erred in: (1) Awarding plaintiff penalties and attorney’s fees; and (2) casting it in judgment for Dr. Condie’s bill.
Appellant’s first contention is based upon two-fold reasoning. First, it is claimed the City’s failure to pay any compensation benefits was based upon a departmental error which was neither arbitrary nor capricious. The error occurred because the police department treats injuries received while responding to a call as I.O.D. (Injured on Duty), and these employees receive full pay for a maximum of six months. Employees injured in the course and scope of their employment other than I.O.D. are dealt with under workmen’s compensation.
Before a police officer can be classified I.O.D. the claim must be approved by the Civil Service Commission. Plaintiff’s claim under this provision was denied by the Commission, apparently because, although plaintiff was responding to a call, he indicated on his first written report of this injury that he had previously injured his left shoulder in an accident at the police academy. When the I.O.D. designation was refused, appellant should have notified its compensation adjuster so that plaintiff could be placed on compensation. This was not done.[2]
It is unfortunate that the error was made, but the City was aware of plaintiff’s accident and resultant injury, and it was its duty to pay him either under I.O.D. or workmen’s compensation. Failure to pay under either provision, causing plaintiff to have to use his sick leave, was arbitrary and the award of penalties and attorney’s fees is proper.
Plaintiff’s alternative claim under this contention is that penalties and attorney’s fees are costs from which the City is exempt under the provisions of R.S. 13:4521. In pertinent part that statute does state parishes and municipalities are not required to pay court costs other than stenographer’s costs for taking testimony.
We have not been cited to, nor have we been able to find, any authority to support appellant’s claim that penalties and attorney’s fees are items of “cost”[3]. Accordingly, we hold appellant’s first contention is without merit.
However, we do agree that appellant should not have to pay Dr. Condie’s bill of $315. Dr. Condie is a salaried employee of the City who renders medical services to the police department in line with his duties to the City. A dispute has arisen between Condie and the City as to whether he is entitled to be paid additional fees for the use of his office and equipment. This dispute is of no concern to plaintiff. Plaintiff is not obligated to pay for medical services to which he is entitled by reason of his treatment by the city medical doctor. The City is already paying Dr. Condie for such services and, on the record before us, should not have to pay these additional charges.
ANSWER TO THE APPEAL
In answer to the City’s appeal, plaintiff contends he is also entitled to compensation benefits and medical expenses from July 20 to December 2, 1978, an additional award for attorney’s fees by reason of this appeal and, alternatively, that the matter be remanded for newly discovered evidence.
When, during trial, plaintiff testified he originally had suffered a separation or dislocation of his left shoulder at the police academy, he was unable to offer any proof *549 thereof other than his own testimony because, in response to a subpoena duces te-cum, the City produced his employment file which did not contain such information. However, we are informed in brief that, after trial, the City found a copy of the accident report to which plaintiff referred and sent it to him stating it had been misfiled. A copy of the report and affidavit was attached thereto. The City does not deny this.
Since it was not the fault of plaintiff that his employment records were incomplete and the trial judge thus was not presented with the true facts, plaintiff is entitled to a determination of whether or not the initial injury was related to his shoulder problems subsequent to July 7, 1978. If so, he is entitled to further compensation benefits. We remand for a determination of those questions.
We agree plaintiff is entitled to an additional award for attorney’s fees for this appellate appearance and we consider as reasonable an additional award of $500 (making a total award of $1,250).
For the reasons assigned, the judgment appealed from is reversed in part to delete the award of $315 for Dr. Condie’s medical services, and amended in part to increase the award for attorney’s fees to the sum of $1,250. In all other respects the judgment appealed from is affirmed, and the matter is remanded to the lower court for further proceedings in accordance with the views expressed herein.

AMENDED AND AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

. But stating that plaintiff was not entitled to any money award because he had been paid full salary though charged with sick leave for it.

. To prevent the recurrence of this error in the future the City’s adjuster is now being sent information on the I.O.D. as well as the compensation determinations.

. In this connection see Op.Atty.Gen. June 13, 1955 which states that attorney’s fees as contemplated in this section are NOT included in the term “court costs”.