GULOTTA, Judge.
In this worker’s compensation case, the trial judge, on remand from this court, decreed that “plaintiff has already received all the workmen’s compensation benefits he is entitled to receive.” Judgment on remand was rendered in favor of City of New Orleans and against plaintiff. We affirm.
In the earlier appeal before this court,[1] which involved, inter alia, the question of plaintiff’s entitlement to “further compensation benefits”, we remanded the matter to the trial court to allow plaintiff to introduce his employment record (not available to him at the time of the original trial) to be considered by the trial judge with other evidence in making “a determination of whether or not the initial injury was related to his [plaintiff’s] shoulder problems subsequent to July 7, 1978.” [2]
Plaintiff, a New Orleans police officer, injured his left shoulder in a job-related automobile accident on May 30, 1978 while a passenger in a police squad car. His *760 condition was diagnosed as pulled muscles in the left shoulder. Compensation payments were ordered from June 4 to July 7, 1978 when he was released to return to limited duty. As result of a non-job related incident on July 14, plaintiff reinjured the same shoulder while teaching his child to swim. He was referred to an orthopedic surgeon, Dr. Roy Marrero, by Dr. Dominic Condie, the salaried police department physician who had treated him for his earlier shoulder injury on May 30. Based solely on a history given to him by plaintiff that he had suffered an earlier dislocation of his shoulder and without examining Dr. Con-die’s records, which failed to indicate either a dislocation or a separation, or ordering x-rays, Dr. Marrero performed surgery on plaintiff’s shoulder.
It is plaintiff’s contention that in a February 14, 1977 incident he dislocated his left shoulder while engaged in training at the police academy and that this separation or dislocation was related to the reinjuring of his shoulder and “recurrences” of his shoulder problem resulting in the subsequent surgery performed by Dr. Marrero.
In the earlier case the trial judge had refused to award compensation benefits after July 7, 1978 (when plaintiff returned to work after the job-related automobile accident) based on a finding that the July 14 swimming incident which caused the development of a shoulder problem was not work-related.
In the order of remand to the trial court from this court, we allowed plaintiff the opportunity of showing a relationship between a claim of a dislocated shoulder injury resulting from the February 14, 1977 incident at the training academy and the subsequent operation by Dr. Marrero. On remand, plaintiff’s report of the February 14 injury and a Charity Hospital report showing diagnosis and treatment of it were offered into evidence. Because the operation performed by Dr. Marrero presupposed the existence of an earlier dislocation, the question for resolution on the issue of plaintiff’s entitlement to further benefits and medical expenses resolved itself into whether or not plaintiff had established, on remand, that he had suffered a shoulder dislocation in the February 14, 1977 incident.
The trial judge concluded that plaintiff’s shoulder problem was congenital in nature, existing before the accident occurred. According to the trial judge, because plaintiff was born with a defective shoulder that could easily be separated, and in fact separated on two work-related occasions, plaintiff has been compensated and is not entitled to further compensation. The trial judge then further concluded that the shoulder surgery was not causally related to the on-the-job accident but was caused from a congenital problem.
Our evaluation of the evidence on remand, considered together with the findings made by this court in the opinion in the earlier appeal, leads to a result consistent with that made by the trial judge. Plaintiff’s report of April 6, 1977 to the chief administrative officer of the City of New Orleans states that he fell on his left shoulder causing a shoulder separation on February 14, 1977. He indicates also in the report that his “left shoulder was dislocated.” However, despite his self-diagnosis, the x-rays taken at Charity Hospital for determination whether or not a dislocation in fact existed, showed “negative.” Treatment involved pain killers and the use of an arm sling. When we consider this evidence, together with the earlier opinion of this court and the testimony of Dr. Condie who stated that plaintiff had neither suffered a dislocation nor a separation, we conclude plaintiff failed to establish entitlement to further workmen’s compensation benefits or to payments of the cost for hospitalization and surgery performed by Dr. Marrero.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. Kelly v. City of New Orleans, 384 So.2d 546 (La.App. 4th Cir. 1980).

. The pertinent language of this court in the earlier appeal is as follows:
“ANSWER TO THE APPEAL
In answer to the City’s appeal, plaintiff contends he is also entitled to compensation benefits and medical expenses from July 20 to December 2, 1978, an additional award for attorney’s fees by reason of this appeal and, alternatively, that the matter be remanded for newly discovered evidence.
When, during trial, plaintiff testified he originally had suffered a separation or dislocation of his left shoulder at the police academy, he was unable to offer any proof thereof other than his own testimony because, in response to a subpoena duces tecum, the City produced his employment file which did not contain such information. However, we are informed in brief that, after trial, the City found a copy of the accident report to which plaintiff referred and sent it to him stating it had been misfiled. A copy of the report and affidavit was attached thereto. The City does not deny this.
[4] Since it was not the fault of plaintiff that his employment records were incomplete and the trial judge thus was not presented with the true facts, plaintiff is entitled to a determination of whether or not the initial injury was related to his shoulder problems subsequent to July 7, 1978. If so, he is entitled to further compensation benefits. We remand for a determination of those questions.”