425 So.2d 885 (1983)
EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, as Subrogee of Joseph Ceasar, Jr.
v.
Allen J. DIXON, et al.
No. CA-0104.
Court of Appeal of Louisiana, Fourth Circuit.
January 3, 1983.
Terry J. Freiberger, New Orleans, for plaintiff-appellant.
Jan P. Jumonville, New Orleans, for defendants-appellees.
Before SCHOTT, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a partial summary judgment granted by the trial court.
Joseph Ceaser was injured in an automobile accident during the course and scope of his employment. Defendant Allen Dixon was the driver of the car involved in the accident with Ceaser. As a result of the accident, Ceaser suffered certain medical disabilities that rendered him unable to continue his work as a truck driver. He was later involved in another automobile accident that was not work-related. He claimed that following the second accident, the pain that he had suffered in his neck and shoulders as a result of the first accident had become aggravated.
Plaintiff is the subrogee of Mr. Ceaser as a result of its status as a workers' compensation insurer of his employer. Plaintiff claimed that Ceaser's injuries were aggravated by the second accident, and although it was non-work related, brought the action against the driver of the second automobile and his insurer, seeking reimbursement for past and future monies it was required to pay in workers' compensation. The defendant, insurer of the driver involved in the second automobile accident, successfully moved for a motion for partial summary judgment, releasing it from the suit brought by the subrogee.
*886 The plaintiff argues that the second accident was an aggravation of the work-related injury, which is compensable even though it occurs away from work. In support of this argument, the plaintiff relies upon Kelly v. City of New Orleans, 414 So.2d 770 (La.1982). In Kelly, a policeman had shoulder difficulties as a result of a work-related accident. He later dislocated his shoulder in a non-work related accident which subsequently required surgery. The court held the last incident, i.e., the surgery which became necessary because of the non-work related accident, was compensable because medical testimony indicated that there was a 75% probability that such an accident would occur because the policeman's ligaments had been weakened by the work-related accident.
In Allstate Insurance Company v. Theriot, 362 So.2d 1214 (La.App. 4th Cir.1978) rev'd on other grounds, 376 So.2d 950 (La. 1979), an employee sustained a compensable injury and was hospitalized. On the way home from the hospital he was involved in an automobile accident. This court denied recovery to the plaintiff, the workers' compensation insurer, from the driver of the other automobile, his employer, and their insurers because the plaintiff was not liable for the payment of additional workers' compensation as a result of the second accident because that accident was non-work related. The Allstate court quoting from Professor Malone's Louisiana Workmen's Compensation treatise, stated that an employer "should not be charged for independent harms which the employee sustains while under treatment where such harms are not related in fact to the accident which occurred on the job." W. Malone, Louisiana Workman's Compensation, Section 233 (1951) as quoted in Allstate Insurance Company, supra at 1217.
Kelly and Allstate can be reconciled, although the results reached by each court are different. In Kelly, because of a work-related injury, the likelihood that the worker would receive additional injuries was great. Any subsequent injury, therefore, could be directly traced to the previous work-related injury. In Allstate, as in the present case, an intervening incident aggravated a work-related injury. For a second, non work-related accident to be compensable it must have been foreseeable. See Carter v. Rockwood Ins. Co., 341 So.2d 595 (La.App. 2d Cir.1977). For example, in Kelly, there was a 75% chance that a shoulder injury to the policeman would recur. In the present case, Ceaser's involvement in a second automobile accident could not have been reasonably foreseen. It was not a natural or expected consequence of the original injury. The accident was an intervening and independent action which caused Ceasar's injury.
Plaintiff has argued that had it ceased paying benefits to Ceaser following the second accident, Ceaser might have brought an action claiming that the termination of his benefits was "arbitrary and capricious." Although plaintiff claims that it is caught between "that proverbial rock and hard place," defendant, insurer of the driver involved in the second accident, nevertheless should not be required to reimburse the compensation insurer for benefits paid to the injured worker, because the accident was non-work related, although the worker may have his own cause of action in tort.
Although we recognize that the workers' compensation insurers may continue to pay benefits to workers beyond the point which they are eventually found to be obligated in order to avoid paying penalties for capricious and arbitrary termination of benefits, this was a matter thoroughly considered by the legislature in balancing the best interests of all parties.
For the foregoing reasons the decision of the trial court to dismiss Allstate is affirmed, all costs to appellant.
AFFIRMED.