REDMANN, Chief Judge.
Plaintiff employee’s appeal from a judgment for workers’ compensation benefits argues that he should have been awarded permanent and total benefits, penalties and attorney’s fees, and pre-judgment interest on medical expenses.
On medical expenses, plaintiff cites La. R.S. 13:4203 and its application in LeBlanc v. New Amsterdam Cas. Co., 202 La. 857, 13 So.2d 245 (1943).- That statute provides interest from judicial demand “on all judgments, sounding in damages, ‘ex delicto’,” and does not purport to apply to workers’ compensation cases. A worker who is being charged interest on an unpaid medical bill ought of course to recover it as part of his medical expenses. But we know of no rule that interest is due upon workers’ compensation medical expenses in all cases, even if the plaintiff is not being charged interest. We therefore reject plaintiff’s argument that pre-judgment interest is due in every case of unpaid medical expense.
At the time of this early 1975 accident, prior to the 1975 amendment to the workers’ compensation law, permanent and total benefits were due to a worker disabled “to perform work of the same or similar description that he is accustomed to perform,” Knispel v. Gulf States Util. Co., 174 La. 401, 141 So. 9, 12 (1932). The trial judge’s reasons show he was aware that this more liberal standard applies, but he reasoned that the medical evidence does not support a conclusion of total disability beyond 202 weeks. The judge noted that, notwithstanding a 10% “anatomical” disability, the half-inch shortening of plaintiff’s leg causes neither functional disability nor substantial pain. Plaintiff was therefore correctly held not permanently and totally disabled.
Plaintiff claims for penalties and attorney’s fees in respect to the benefits found due after the automobile accident that was the occasion of the rebreaking of plaintiff’s leg 13 days after the accident at work. The rule in compensation cases is that an aggravation of a work-related injury is compensable (at least if the earlier injury “predisposes” the worker to the later injury); Kelly v. City of New Orleans, 414 So.2d 770 (La.1982); Stewart v. Hospitals Affiliates Int’l., 404 So.2d 944 (La.1981). Thus plaintiff’s disability, although for a longer time because of the rebreaking of his leg, was for its whole time compensa-ble, and termination of plaintiff’s benefits before complete recovery was therefore wrong. But termination is not established to have been “clearly arbitrary,” in the *32 words of Kelly, 414 So.2d at 772. The two cited supreme court cases, establishing and reaffirming that principle, were decided after our plaintiff’s injuries. Moreover, in Kelly itself the court refused penalty and attorney’s fees on the benefits and surgical costs arising from the swimming accident, because the failure to pay them was not “clearly arbitrary.” Under our circumstances, especially the pre-Kelly and pre-Stewart time of our insurer’s decision (on the basis of a doctor’s opinion that the original breaking would long earlier have healed), we cannot hold our trial judge clearly wrong in his conclusion that the insurer was not clearly arbitrary in terminating compensation benefits long after the estimated time that disability would have ended in the absence of the automobile accident (although long before the aggravated disability in fact ended).
Affirmed.