521 So.2d 442 (1988)
Kevin J. CAHILL
v.
Elizabeth SCHULTZ, Stolt-Nielsen, Inc., Hanover Insurance Company and State Farm Insurance Company.
No. CA-8358.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
*443 John R. Wellman, Law Offices of John R. Wellman, New Orleans, for plaintiff-appellee.
Nahum Laventhal, Roger J. Larue, Jr., Metairie, for defendant-appellant.
Before SCHOTT, GARRISON and CIACCIO, JJ.
SCHOTT, Judge.
Kevin J. Cahill was injured on the job in August, 1982 and filed suit against his employer for worker's compensation benefits. After a trial Cahill obtained a judgment in October, 1983 against the employer for compensation and medical expenses. In January, 1985 Cahill filed suit against Elizabeth Schultz, and others for damages arising out of an automobile accident which occurred in January, 1984. Cahill's employer intervened in the tort suit in November, 1985 seeking to recover benefits paid to Cahill pursuant to the October, 1983 judgment. On March 23, 1987 the trial court dismissed the intervention on exceptions of no right or cause of action and intervenor has appealed from this judgment.
Intervenor's first specification of error is directed to the trial judge's consideration of various medical reports at the hearing on the exceptions. Intervenor's position is correct. The law is too well established to require citation that in consideration of an exception of no cause of action the court must confine itself to the four corners of the petition and documents attached thereto and made part thereof. Therefore, the trial judge clearly erred in considering the medical reports, and the judgment cannot be affirmed for the reasons he assigned. However, upon our review of the petition we are satisfied that the trial court reached the correct result.
Intervenor made the following allegations: Cahill filed a previous worker's compensation case claiming he was injured on the job in August, 1982; this case was tried in September, 1983 and Cahill obtained a judgment requiring intervenor to pay him compensation and medical benefits. The petition continues:
III.
At the time of the trial, Cahill alleged that he needed immediate surgery and for this reason the court rendered the judgment.
IV.
Upon information and belief, Cahill was involved in an accident several months later, out of which the captioned suit arises, which necessitated the need for his surgery and which has prolonged his disability.
V.
For these reasons, Metropolitan Erection Company, Inc. is entitled to intervene to seek recovery of any compensation and medical benefits, which it has paid, because of the intervening accident, which has prolonged the disability and exacerbated and aggravated the injuries sustained by the petitioner in his work related accident of August 1, 1982.
*444 From these allegations we know that intervenor is paying compensation benefits pursuant to a final judgment based on the evidence produced in that case and the judgment included expenses of a surgical procedure to be performed in the future. But such a judgment seems to be erroneous because there is no liability for medical expenses until they are incurred. Deshotels v. Fidelity and Cas. Co. of New York, 324 So.2d 895 (La.App.Cir.1975), writ denied 328 So.2d 376 (La.1976). On the other hand, since intervenor acquiesced in the judgment it has no legal right to be reimbursed by the worker now that the judgment has become final.
As far as intervenor's claim for recovery of benefits "which it has paid, because of the intervening accident, which has prolonged the disability and exacerbated and aggravated the injuries", intervenor has no legal basis for such recovery. Whatever benefits intervenor has paid were based on Cahill's condition in September, 1983. Aggravation of that condition caused by the subsequent accident provided Cahill with a claim against the tort feasor independent of intervenor's liability. Cahill is not entitled to recover from the tort feasor damages for his pre-auto-accident condition; if he obtains a judgment for something other than aggravation, it is the tort feasor who has a basis to complain, not intervenor. In fact, the tort feasor settled the case with Cahill a short time after the intervention was filed. If the tort feasor decided to give Cahill more than he was entitled to in the form, for example, of damages for which Cahill was already being compensated by intervenor, this provides no legal basis to intervenor to recover some of that money, because this was a voluntary payment by the tort feasor to Cahill, a matter in which intervenor has no interest.
This position is consistent with Emp. Mut. Lib. Ins. Co. of Wis. v. Dixon, 425 So.2d 885 (La.App. 4th Cir.1983). There a worker's compensation insurer sought reimbursement for past and future monies it was required to pay against a tort feasor against whom plaintiff claimed damages for aggravation of his compensation-related injuries in a second accident. This court affirmed the trial court's dismissal of the insurer's claim on a summary judgment. The cases are indistinguishable except for their procedural posture in the trial court. The case stands squarely for the proposition that intervenor has no legal right to the proceeds of the settlement between Cahill and the tort feasor.
Intervenor's reliance on R.S. 23:1101(B) is misplaced. This section of the compensation act provides the employer with the right to recover against a third party tort feasor where the injury resulting from a single accident was compensable because it occurred in the course of employment but it was caused by a third party tortfeasor, as in the case of a truck driver who is hurt in an accident. This section does not authorize an intervention by an employer paying compensation pursuant to a final judgment to claim proceeds due to the employee by a tort feasor who caused aggravation of the worker's injuries.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
CIACCIO, Judge, dissents.
I find that the petition of intervention states a cause of action and that intervenors have a right of action. I would, therefore, reverse the district court judgment, overrule the exceptions, and remand the matter for consideration of the merits of intervenor's petition.
First I note, as has been stated numerous times before, there is no exception of "no right or cause of action." Although the objections of "no cause of action" and "no right of action" are both raised by peremptory exception, La.C.C.P. Art. 927, they are distinct. They require different modes of consideration and separate analysis.
Treating the "exception" before the court as separately raising both objections, I agree with the majority holding that the trial judge erred in considering the medical reports. No evidence may be introduced at *445 any time to support or controvert the objection that the petition fails to state a cause of action. La.C.C.P. Art. 931. And although evidence is admissible in connection with an objection of no right of action, in this case I find the medical reports irrelevant to consideration of intervenor's right of action.
The statutory basis of the intervention is La.R.S. 23:1101, which provides,
Sec. 1101. Employee and employer suits against third persons; effect on right to compensation
A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as "third person") other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease.
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.
Contrary to the interpretation given by the majority, I do not interpret the statute as applying only in the event of a single, work-related accident for which there is third-party fault. I would apply the statute "when an injury ... for which compensation is payable under this Chapter has occurred under circumstances creating [third-party liability]." Thus, if a third party injures an employee and that injury is compensable, then the employer may recover from the third party for compensation paid on account of the injury. There is no requirement that the third party be responsible for an initial, work-related injury, only that the injury for which third-party fault is alleged be compensable.
Of particular importance in this case is whether the aggravation of a prior, compensable, work-related injury is compensable. If the aggravation is compensable and liability for the aggravation rests with a third party, then the employer may recover from the third party for compensation paid on account of the aggravation. Under certain circumstances the question of aggravation compensability has been answered affirmatively: Kelly v. City of New Orleans, 414 So.2d 770 (La.1982); Stewart v. Hospitals Affiliates International, Inc. of Baton Rouge, 404 So.2d 944 (La.1981); Bolden v. Georgia Casualty and Surety Co., 363 So.2d 419 (La.1978); Royer v. Cliffs Drilling Company, Inc., 465 So.2d 11 (La.App. 3d Cir.1984); Employers Mutual Liability Insurance Company of Wisconsin v. Dixon, 425 So.2d 885 (La. App. 4th Cir.1983); Allstate Insurance Company v. Theriot, 362 So.2d 1214 (La. App. 4th Cir.1978), reversed on other grounds, 376 So.2d 950 (La.1979); Carter v. Rockwood Insurance Company, 341 So. 2d 595 (La.App. 2d Cir.1977).
In this case, whether the automobile accident aggravated plaintiff's pre-existing, work-related injury and whether the aggravation is in fact compensable are questions which go to the merits of intervenor's petition, and not to whether the petition states a cause of action or whether intervenor has a right of action. Intervenor's petition alleges *446 that the accident aggravated plaintiff's pre-existing, compensable, work-related injury, that it has paid compensation because of the aggravation, and that it seeks recovery for the compensation thus paid. The petition states a cause of action. On this issue it does not matter that the evidence may establish that the accident did not aggravate plaintiff's injury or that any aggravation is not compensable or did not cause any increase in compensation liability; this evidence goes to the merits, not to the exceptions now before the court.
Also, as plaintiff's employer paying worker's compensation, intervenor has a right of action. La.R.S. 23:1101.
The majority also refers to the judgment against intervenor for worker's compensation in favor of plaintiff. The majority says the judgment "seems to be erroneous" and holds that "since intervenor acquiesced in the judgment it has no legal right to be reimbursed by the worker now that the judgment has become final." We do not have that judgment, it is not in the record before us. We do not have before us the record on which that judgment was based; we do not know how that judgment reads; we have no basis on which to conclude that it is "erroneous."
Further, assuming that the judgment is final, we would expect that intervenor is abiding by its termseven if intervenor thinks it erroneous. Nevertheless, if intervenor is obligated by the judgment to pay plaintiff's future, compensable medical expenses, and those expenses arise through the fault of a third-party, then under La.R. S. 23:1101 intervenor may recover for the compensation paid as a result of the third-party's fault.
Finally, I find misplaced the majority's reliance on Employers Mutual Liberty Insurance Company of Wisconsin v. Dixon, supra. In that case the court approached the question of aggravation compensability by considering whether the aggravation was foreseeable or directly traceable to the prior work-related accident. What must be foreseeable is the probability of aggravation, that is, the predisposition of the victim to future injury, not the method by which the aggravation is caused, e.g. an automobile accident. Kelly v. City of New Orleans, supra; Dickerson v. Kroger, Inc., 509 So.2d 813 (La.App. 1st Cir.1987). And if aggravation occurs, it must be directly traceable to the previously-suffered, work-related injury. This is a question of fact, not of law. The court did not hold that an employer in intervenor's position has no right of action.
Further, the majority considers the cases "indistinguishable except for their procedural posture in the trial court." Their different procedural posture is precisely why the cases are significantly distinguishable. In the Employers Mutual case the matter was decided on summary judgment; there were no unresolved issues of material fact. In our case there have been no factual determinations; no findings on whether any aggravation of the earlier, compensable injury was foreseeable; whether the second accident caused any aggravation; whether any aggravation caused is directly traceable (i.e., without intervening cause) to the earlier, work-related injury; whether any aggravation is compensable. Compare Dickerson v. Kroger, Inc., supra, where the court based its holding on facts stipulated by the parties. These factual issues are not before us on this appeal. For the purposes of the exception of no cause of action all well pleaded facts are accepted as true. Intervenor has pleaded that the second accident aggravated a pre-existing, compensable injury, that the aggravation is compensable, and that compensation has been paid. As to intervenor's right of action, the only relevant allegation, which no one has disputed, is intervenor's status and an employer paying worker's compensation to plaintiff.
For the reasons assigned, I respectfully dissent.