LeBLANC, Judge.
Appellant, Durham Pontiac-Cadillac-GMC Trucks, Inc. (Durham) filed suit against James L. Phillips, Acadian Ambulance Service, Inc. (Acadian), and National Union Fire Insurance Company of Pittsburgh (National)[1], alleging the following facts:
[[Image here]]
II.
[In a previous suit filed in the Twenty-First Judicial District Court], Phillips was granted Judgment against Durham for workman’s compensation benefits at a rate of $245.00 per week beginning December 15, 1983, and continuing for his period of disability, plus all medical expenses and for legal interest, all according to the said Judgment dated September 29, 1986....
III.
The Judgment in favor of Phillips for workman’s compensation benefits was appealed to the Court of Appeal, First Circuit, and was affirmed by decision dated December 22, 1987 [No. 87 CA 0024]....
IV.
There were no further proceedings conducted after the Court of Appeal decision and that Judgment is final.
V.
The suit by Phillips against Durham sought workman’s compensation benefits for an accident which allegedly occurred on December 15, 1983, and various medical treatment which he sought from various physicians beginning February 22, 1984....
VI.
Phillips and others filed a tort suit against Acadian Ambulance Service, Inc. and others claiming damages for the treatment of the injuries allegedly sustained on December 15, 1983, which was the subject of the workman’s compensation suit, which damages occurred on or about February 22, 23, or 24 of 1984, when Phillips was hospitalized at West-park Community Hospital in Hammond, Louisiana, and physicians at said hospital, due to plaintiff’s emergency situation, issued orders to have Phillips transported immediately to East Jefferson General Hospital in Metairie, Louisiana, for emergency surgery and at which time, Phillips claimed that due to the mismanagement and inordinate delay in plaintiff being transported to East Jefferson General Hospital and obtaining the necessary emergency surgery, his condition worsened resulting in the injuries, which are the identical injuries he claims that he is entitled to be compensated for in the workman’s compensation suit....
VII.
On February 8, 1988, Phillips and the other plaintiffs, who are members of his family, settled and compromised his claims against Acadian Ambulance Service, Inc. and its insurer, National Union, for all damages arising out of this incident for the total sum of $700,000.00_
[[Image here]]
IX.
Durham was never given written notice of the filing of the suit entitled “James L. Phillips, et al. v. Acadian Ambulance Service, Inc., et al.”; nor did Durham receive notice of the compromise settlement; nor was Durham given an opportunity to either approve or disapprove of said settlement and had no knowledge in fact of said settlement until February 9, 1988.
X.
Notwithstanding the entering into the final settlement dated February 8, 1988, *1082 and notwithstanding the receipt of the funds stated in the settlement agreement, Phillips is actively engaged in executing on the Judgment rendered in the workman’s compensation suit entitled “James L. Phillips vs. Durham Pontiac-Cadillac-GMC Trucks, Inc.” and has in fact requested a Writ of Fieri Facias and has filed garnishment proceedings against Citizens National Bank, Hammond, Louisiana, and First Guaranty Bank, Hammond, Louisiana, in an effort to seize the funds of Durham deposited in said banks....
Based on these facts, Durham sought a declaratory judgment decreeing that the settlement entered into by the Phillips and Acadian and Union amounted to a “full and complete settlement of the Judgment rendered in the workman’s compensation suit and ... said Judgment is no longer in effect_” Durham also sought preliminary and permanent injunctions enjoining Phillips from executing the September 29, 1986 judgment rendered against Durham.
In response, Phillips, Acadian and National filed peremptory exceptions raising the objection of no cause of action which the trial court sustained. Judgment was rendered dismissing Durham’s suit with prejudice. Durham appeals.
The sole issue presented on appeal is whether the allegations made by Durham are sufficient to state a cause of action against the defendants. We find the allegations do set forth a cause of action.
La.R.S. 23:1101 provides:
A. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as “third person”) other than those persons against whom the said employee’s rights and remedies are limited in R.S. 23:1032, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations, or personal representatives against such third person, nor be regarded as establishing a measure of damages for the claim; and such employee or his dependents, relations, or personal representatives may obtain damages from or proceed at law against such third person to recover damages for the injury, or compensable sickness or disease. B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage.[2]
At the time Phillips’ causes of action against Durham and Acadian allegedly arose, La.R.S. 23:1102 provided:
A. If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is *1083 filed, and such other may intervene as party plaintiff in the suit.
B. If compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee’s or dependent’s right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, medical benefits, attorney’s fees, and penalties, previously paid to or on behalf of the employee, exclusive of attorney’s fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.
In applying these statutes to the alleged facts of the present case, we must determine whether the language “third person” applies to a party who has caused an off-the-job injury which aggravates a previous work-related injury. If such a party is determined to be a “third person” within the meaning of the statutes, a compromise with such party by the employee without notice to the employer results in the employee’s forfeiture of the right to receive future compensation from the employer (unless the employee buys back his right to future compensation pursuant to La.R.S. 23:1102(B)).
In this case, Durham alleges that Acadian’s actions in providing ambulance service to Phillips aggravated a previous work-related injury. Durham further alleges that Phillips filed suit against Acadi-an and executed a settlement with Acadian and its insurer on February 8, 1988, without providing notice to Durham. Durham contends that by failing to notify it of the settlement and obtain its consent, Phillips violated La.R.S. 23:1102(B) and forfeited his right to future compensation beyond the date on which the settlement was executed. Since Durham had paid no compensation to Phillips at the time of the settlement, Durham contends it owes no compensation payments to Phillips.
In order to determine that Acadian is a “third person” pursuant to La.R.S. 23:1101 and 1102 and that the notice provisions of 23:1102 are triggered, we must find that Phillips has a right to receive worker’s compensation from Durham as a result of the injuries allegedly caused by Acadian, based on Durham’s allegations. Furthermore, we must find that Durham would have a cause of action for reimbursement against Acadian under La.R.S. 23:1101, based on Durham’s allegations. See, Hanover Ins. Co. v. Allstate Ins. Co., 554 So.2d 1261 (La.App. 1st Cir.1989).
As alleged by Durham, this court has already adjudicated Phillips’ worker’s compensation claims against Durham and its insurer in Phillips v. Durham-Pontiac-Cadillac-GMC Trucks, Inc., No. 87 CA 0024 (La.App. 1st Cir. Dec. 22, 1987) (unpublished opinion). In this case, Durham was cast in judgment for worker’s compensation benefits in the amount of $245.00 per week for the extent of Phillips’ disability, which was adjudged to be total and permanent. However, this case did not address the actions of Acadian and whether there was an aggravation of the prior work-related injury. However, if Durham can establish in the present case that its liability to Phillips in the previous case was increased by the actions of Acadian, Durham would have a cause of action for reimbursement against Acadian pursuant to La. R.S. 23:1101.
We find that the jurisprudence supports a finding that Phillips has a right to receive *1084 worker’s compensation from Durham as a result of the injuries allegedly caused by Acadian’s delay in transporting Phillips from one hospital to another.
Generally, the employer is liable for compensation benefits during the period of the claimant’s disability, even though such disability was caused or prolonged by complications arising from the medical treatment which the claimant was receiving for his compensable injury. Nixon v. Pittsburgh Plate Glass Company, 161 So.2d 361 (La.App. 3d Cir.) writ refused, 246 La. 85, 163 So.2d 359 (La.1964).
Furthermore, this court in Stevenson v. Bolton Company, Inc., 484 So.2d 678 (La.App. 1st Cir.1985), writ denied, 489 So.2d 247 (La.1986), held the employer liable for subsequent medical malpractice or excessive medical treatment. The court stated the following:
Louisiana jurisprudence recognizes that if subsequent medical malpractice or excessive medical treatment occurs, the plaintiff is entitled to recover either in a tort case against the tortfeasor, or in a worker’s compensation case against the employer and insurer. In both situations the tortfeasor and the employer and insurer have at their disposal the right to then sue the doctor either for recovery based on the extent to which the compensation responsibility or tort damages have been augmented owing to such malpractice or for reimbursement of the excessive cost for treatment. Stevenson, 484 So.2d at 684.
We find the above reasoning also extends to services rendered by an ambulance company to an employee (Phillips) while medical treatment is being sought for a work-related injury. Thus, applying the jurisprudence to the allegations of this case, the aggravation of Phillips’ work injury by Acadian is a compensable injury. See, Kelly v. City of New Orleans, 414 So.2d 770 (La.1982); Menendez v. Continental Ins. Co., 515 So.2d 525 (La.App. 1st Cir.1987), writ denied, 517 So.2d 808 (1988).
For the above reasons and based on the allegations of Durham’s petition, we find that Acadian is a “third person” pursuant to La.R.S. 23:1101 and 1102. Thus, the notice provisions of La.R.S. 23:1102 would apply to the compromise in question if Durham is successful in proving its factual allegations (i.e. 1) that Acadian’s actions in transporting Phillips aggravated Phillips’ work-related injury and 2) that Durham’s liability to Phillips was increased by the actions of Acadian.) If Durham does prove these factual allegations and also that Phillips failed to provide notice pursuant to La.R.S. 23:1102, Phillips will have forfeited his right to future compensation, that is, benefits payable after the date of the settlement. See Faught v. Ryder/P*I*E Nationwide, Inc., 543 So.2d 918 (La.App. 1st Cir.), writ denied 545 So.2d 1040 (La.1989) (limiting the language “future compensation” to those benefits payable after the date of settlement).
Thus, we find the petition states a cause of action. It does not matter that the evidence at trial may establish that Acadi-an’s actions did not aggravate Phillips’ work-related injury or that any aggravation did not cause an increase in compensation liability; this evidence goes to the merits, not to the exceptions presently being considered.
For these reasons, the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings not inconsistent with this opinion.
Assessment of costs is to be made after final disposition of this matter.
REVERSED AND REMANDED.
EDWARDS, J., concurs.

. Other defendants were also named in the original petition but were later dismissed from the proceedings.

. In the 1989 legislative session, the legislature amended La.R.S. 23:1101 to add the following provision:
C. For purposes of this Section, "third person” shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
1989 La. Acts No. 454, § 4.
The effective date of this amendment is January 1, 1990. This provision is clearly substantive in nature. Thus, it is entitled to prospective application only. La.Civ.Code art. 6; Hanover Ins. Co. v. Allstate Ins. Co., 554 So.2d 1261, n. 3 (La.App. 1st Cir.1989).