liGRISBAUM, Judge,
concurring in part and dissenting in part.
I agree with the majority’s conclusion that plaintiff was not permanently totally disabled under the odd-lot doctrine but, rather, was permanently partially disabled, as the trial court found.
However, I disagree that the trial court erred in failing to award legal interest on plaintiffs out-of-pocket medical expenses for which defendant was found liable. Admittedly, legal interest on medical expenses is sometimes recoverable. See Chisholm v. L.S. Womack, Inc., 424 So.2d 1138 (La.App. 1st Cir.1982). However, legal interest can only be awarded when the medical expenses were due and payable prior to the time the suit was filed. Furthermore, plaintiff bears the burden of proving from what dates interest is due and on what amounts. See Monte *749 v. H.B. “Buster” Hughes, Inc., 457 So.2d 30 (La.App. 4th Cir.1984).
Upon review of the record, I do not see how plaintiff carried his burden as prescribed in Monte. It is obvious plaintiff incurred medical bills both prior to and after filing suit. The record is unclear, if not completely void of evidence, as to what dates which bills were paid so as to give the court a basis for calculating such interest. The mere fact plaintiff was awarded medical expenses does not stand for the proposition he is automatically entitled to legal interest on the award. Thus, I cannot agree with the majority’s award of legal interest on plaintiffs out-of-pocket medical expenses.
laAlso, I disagree with the majority’s awarding interest on court costs, including expert fees. La.Code Civ.P. art. 1921 provides “[t]he court shall award interest in the judgment as prayed for or as provided by law.” In plaintiffs petition, he requested legal interest from the date of judicial demand for any award for medical expenses and compensation. However, plaintiff did not request legal interest for court costs, which includes expert fees. In cases of a judgment in tort, legal interest shall be paid on the award, even if not requested or if the judgment is silent on the issue. See La.R.S. 13:4203; Broome v. Gauthier, 443 So.2d 1127 (La.App. 4th Cir.1983), writ denied, 445 So.2d 449 (La.1984). Since this is not a ease in tort, legal interest is not automatically due pursuant to law but, rather, must be requested pursuant to La.Code Civ.P. art. 1921. Therefore, because plaintiff did not request legal interest on court costs, I cannot say the trial court erred in failing to grant said interest.
Finally, I cannot agree plaintiff should be awarded attorney’s fees and penalties. The finding of arbitrary and capricious behavior is a factual determination that cannot be disturbed absent manifest error. Johnson v. Vinson Guard Serv., Inc., 636 So.2d 914 (La. App. 1st Cir.1994). The majority believes defendant’s failure to pay benefits became arbitrary and capricious after the December 1990 judgment, which found plaintiff to be an employee in the course and scope of his employment at the time of his injury. However, I believe, as did the trial court, the record shows defendant continued to have a reasonable basis for controverting plaintiffs entitlement to benefits after the December 1990 judgment on the basis of plaintiffs extent of injuries and his subsequent employment. See Hill v. L.J. Earnest, Inc., 568 So.2d 146 (La.App. 2d Cir.1990), writ denied, 571 So.2d 652 (La.1990).
For the above reasons, I necessarily dissent from that portion of the majority’s opinion that awards legal interest on plaintiffs award for out-of-pocket hmedical expenses and court costs, including expert fees, and that portion of the opinion awarding attorney’s fees and penalties.