413 So.2d 594 (1982)
Glen D. McNEELY
v.
DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Pinecrest State School.
No. 14660.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Writ Denied June 11, 1982.
*595 Daniel E. Broussard, Jr., Broussard, Bolton & Halcomb, Alexandria, for appellant.
Sidney W. Hall, Staff Atty., Dept. of Health & Human Resources, Baton Rouge, for appellee.
Laura D. Holmes, Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for George Hamner, Director, Dept. of State Civil Service.
Before COVINGTON, COLE and WATKINS, JJ.
WATKINS, Judge.
Glen D. McNeely, appellant, held the position of Equipment Operator for the Department of Health and Human Resources. On December 15, 1978, McNeely's paycheck from the state was reduced by an amount of $223.20. McNeely appealed the reduction, which was made under the circumstances herein set forth, to the Civil Service Commission, which held the action of the appointing authority in reducing the amount of the December 15, 1978 paycheck was reasonable and correct. McNeely has perfected an appeal to this court.
McNeely was injured while on the job, and received workmen's compensation from May 10, 1978 until June 6, 1978. Since the total of McNeely's compensation benefits and his sick leave benefits exceeded his regular salary by the amount of his compensation benefits, appellant endorsed his compensation checks, which were paid by the appointing authority's compensation insurer, Rockwood Insurance Company, over to the appointing authority, thereby "buying back" his sick leave. Appellant was unable to return to work on June 6, 1978. He continued to receive sick leave benefits, but his compensation benefits were discontinued. On June 27, 1978, he retained an attorney to represent him in his claim for workmen's compensation benefits. The matter was settled out of court for the sum of $1,116.00. Twenty percent of this amount, or $223.00, was retained by counsel as his attorney's fees, and the remaining sum of $892.80 was tendered to the appointing authority to "buy back" additional sick leave. The appointing authority credited the amount of $892.80 to appellant's sick leave, but deducted the sum of $223.20 from appellant's back pay.
The Civil Service Commission found that the deduction of the sum of $223.20 was correct under Civil Service Rule 11:21, which reads as follows:
"When an employee is absent from work due to disabilities for which he is entitled to workmen's compensation he
(a) shall, to the extent of the amount accrued to his credit, be granted sick leave not to exceed the amount necessary to receive total payments for leave and workmen's compensation equal to his regular salary.
(b) may, to the extent of the amount accrued to his credit, be granted annual leave or a combination of annual and sick leave not to exceed the amount necessary to receive total payments for leave and workmen's compensation equal to his regular salary.
(c) may be granted leave without pay."
The Civil Service Commission construed Rule 11:21 to mean that in "buying back" sick leave the employee must tender to the appointing authority the gross amount of workmen's compensation benefits, including attorney's fees owed employee's counsel by the employee, rather than the net amount, in a case in which combined gross compensation benefits and sick leave benefits exceeded regular salary by the amount of gross compensation benefits.
The Civil Service Commission is given broad and general rule-making powers by Article X, Section 10 of the Louisiana Constitution of 1974. Rules adopted pursuant to that article, by the express language of that article, have "the effect of law".
An administrative agency may interpret its own rules and such an interpretation becomes part of the rule. Sawyer v. Central Louisiana Electric Company, 136 *596 So.2d 153 (La.App. 3d Cir. 1961). The Civil Service Commission in the present case interpreted Civil Service Rule 11:21 to require that an employee's gross workmen's compensation benefit be used in determining the amount to be tendered in buying back sick leave. That interpretation, under the holding of Sawyer, becomes part of the rule for the present and all future cases. We cannot say the Commission's interpretation of the rule is unjust or unreasonable. McNeely retained counsel under a contingency fee. The Louisiana Workmen's Compensation Act specifically provides for contingency fees. LSA-R.S. 23:1141. Contingency fees were discussed favorably and at great length by the Louisiana Supreme Court on rehearing in Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La. 1979) wherein the social importance of contingency fees to our society was noted, and a statute providing for contingency fees in general was upheld. (See LSA-R.S. 37:218) As the Civil Service Commission indicated in the instant case, the contingent fee was a legitimate debt of the employee for which he himself contracted, and the appointing authority should not be required to pay the employee's legitimate debts. Thus the rule of the Civil Service Commission was reasonable and proper, and, as it has the force of law, authorizes the deduction from the paycheck complained of by the employee.
Employee argues, however, that the Civil Service Rule 11:21 was illegal and unconstitutional.
The legality of Rule 11:21 was challenged and expressly upheld in Basco v. State of La., Dept. of Corrections, 335 So.2d 457 (La.App. 1st Cir. 1976), writ denied 338 So.2d 701 (La.1976). Nor does the rule deny equal protection of the laws or deny access of the public to the court as McNeely complains. So long as the law applies to all persons in the same circumstances in a like fashion, the requirements of equal protection are met. Foster v. Hampton, 352 So.2d 197 (La.1977). All employees are treated equally by Rule 11:21. As fees for legal services are a universally accepted part of our legal system, and as contingency fees are permitted as a matter of statutory law and public policy, it cannot be said the courts were not open to McNeely in the sense meant by Article I, Section 22 of the Louisiana Constitution of 1974. Thus, McNeely's claims that Civil Service Rule 11:21 is illegal or unconstitutional are lacking in foundation.
As Rule 11:21, as interpreted by the Civil Service Commission, clearly permits the reduction in the amount of the paycheck complained of, and as the rule is neither unconstitutional nor illegal, the determination of the Civil Service Commission is affirmed, at appellant's cost.
AFFIRMED.