643 So.2d 886 (1994)
George M. McCARTY, Plaintiff-Appellee,
v.
STATE of Louisiana, OFFICE OF RISK MANAGEMENT, Pinecrest State School, Defendants-Appellants.
No. 94-33.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
Daniel Elmo Broussard Jr., Alexandria, for George McCarty.
Salvatore Paul Provenza Jr., Baton Rouge, for Pinecrest State School.
*887 Before GUIDRY, C.J., and DECUIR and PETERS, JJ.
PETERS, Judge.
This is an appeal by the State of Louisiana through the Office Of Risk Management of the judgment of the hearing officer denying the state a credit for annual and sick leave benefits paid its employee, George M. McCarty, in lieu of workers' compensation benefits. McCarty has answered the appeal and seeks review of the denial of penalties and attorney fees.

FACTS
The facts are not in dispute. On June 5, 1991, George M. McCarty was employed by the State of Louisiana as maintenance director of the Pinecrest State School in Rapides Parish, Louisiana. While in the course and scope of his employment he sustained an injury to his left knee. This injury caused him to be totally disabled as of June 27, 1991. Based on an average weekly wage of $687.93, the appropriate weekly workers' compensation rate is $282. Workers' compensation benefits were paid beginning September 27, 1992, and were still being paid at time of trial. However, from June 27, 1991, until September 27, 1992, McCarty was paid an amount equivalent to his regular salary in the form of accrued sick and annual leave benefits.
After the accident, and after the disability manifested itself, McCarty was offered two alternatives or options to drawing only workers' compensation benefits. These options provided:
"OPTION A: I elect to use sick leave, and annual leave (in that order). I will receive a regular paycheck with full payment of retirement contributions, insurance premiums and other payroll deductions. Taxes will be paid as usual on these wages. When all leave has been exhausted, I will be eligible to receive a Workers' Compensation check from the Office of Risk Management at approximately 2/3 of my regular salary (at the time of the injury), up to the amount allowed by law."
"OPTION B: I elect to receive a Workers' Compensation check from the Office of Risk Management at approximately two-thirds of my regular salary or up to the amount allowed by Law. Pinecrest State School then will issue a paycheck for the difference to give me a combined amount equal to my regular salary. Insurance premiums and other payroll deductions will be deducted from the partial paycheck issued by Pinecrest. I understand that any deductions not covered by the partial paycheck will be my responsibility to make payment. Leave will be earned and used according to the hourly rate on which the partial paycheck is based."
McCarty chose Option A, and benefits were paid thereunder until he retired on September 27, 1992. On that date, workers' compensation benefits began to be paid. The effect of McCarty's choice was to reduce his accrued sick leave by 1,695 hours and his accrued annual leave by 230 hours.
After hearing, McCarty was awarded compensation benefits at the rate of $282.00 per week from June 27, 1991, through September 27, 1992, together with interest on all unpaid benefits. In making the award, the hearing officer concluded that the application of Option A is prohibited by Louisiana Revised Statutes 23:1033. McCarty's claim for statutory penalties and attorney fees was denied.

VALIDITY OF OPTION A
By choosing Option A, the injured employee maintains an income equal to his full salary and is relieved of personally attending to, what was, before the injury, automatic payroll deductions such as insurance or credit union payments. Also, because the state compensation checks are apparently not timely paid, the employee can rely on a regular payment schedule by choosing the option.
However, in order to attain the advantages described, the employee must use his earned sick and annual leave. A disadvantage in doing so is that an employee who recovers and returns to work has reduced protection in the event of an illness, accident, or injury not related to employment. Also, because retirement benefits are to some extent based *888 on accrued leave, their use as a substitute for workers' compensation benefits precludes their use in calculating retirement benefits. By the time McCarty retired, he had reduced his earned benefits by 1,283.3 hours (1,925 × 2/3). The state was also relieved of workers' compensation liability to McCarty in an amount equivalent to the used benefits.
The hearing officer concluded that Option A is prohibited by Louisiana Revised Statutes 23:1033, which states:
"No contract, rule, regulation or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this Chapter except as herein provided."
We agree.
The state relies primarily upon Basco v. State, Department of Corrections, 335 So.2d 457 (La.App. 1st Cir.), writ denied, 338 So.2d 701 (La.1976) to argue that the plan accepted by McCarty does not violate the statute. In Basco, the injured employee chose a plan pursuant to Civil Service Rule 11.21 which, according to the opinion, provided:
"When an employee is absent from work due to disabilities for which he is entitled to workmen's compensation, he may, at his option use sick leave and annual leave not to exceed the amount necessary to receive total payments for leave and workmen's compensation equal to his regular salary."

Id. at 460.
The intent of the rule was for the benefits to be endorsed over to the state for recredit of sick leave hours in an amount equivalent to the refunded benefits. Under this application, an employee would only use unreimbursed sick leave benefits in an amount equal to the difference between the workers' compensation due each week and his normal salary. This application assured a "continued receipt of income." Id. at 462. The difference between this civil service rule and Option A lies not so much in language, as in application. Like McCarty, Basco used his accrued leave to maintain an uninterrupted income. Unlike McCarty, he was actually paid workers' compensation benefits.
In support of its position, the state also refers the court to McNeely v. Department of Health and Human Resources, 413 So.2d 594 (La.App. 1st Cir.), writ denied, 415 So.2d 949 (La.1982) and Ridenour v. Kaiser Aluminum & Chemical Corporation, 317 So.2d 301 (La.App. 4th Cir.1975). Neither are supportive of the state's position. McNeely is merely an extension of Basco. It stands for the proposition that an employee drawing benefits under Civil Service Rule 11.21 cannot receive credit for attorney fees paid for acquiring workers' compensation benefits when repurchasing sick leave. Ridenour presents a situation where an employer was given credit against workers' compensation benefits due through a collective bargaining agreement which provided in part:
"In case an employee makes claim for nonoccupational sickness and accident benefits and receives benefits thereunder and also makes claim for Workmen's Compensation and receives benefits thereunder, he shall make restitution of the appropriate portion of the non-occupational sickness and accident benefits."
Id. at 303.
This agreement apparently gave an employee up to two years of stable income in the event of a dispute over workers' compensation benefits. Ridenour took advantage of the collective bargaining agreement terms while pursuing his work-related claim in court. In allowing credit, the court noted that this agreement was negotiated and bargained for on behalf of all employees, and payments thereunder were fully funded by the employer. Again, unlike McCarty, Ridenour was actually paid workers' compensation benefits.
We are aware that our law now statutorily recognizes that an employer is entitled to an offset against the award of workers' compensation benefits under limited circumstances. Louisiana Revised Statutes 23:1225. However, it is well settled that sick leave benefits are not subject to an offset. Basco, supra and the cases cited therein.
McCarty was required to use his earned benefits to offset his employer's obligation to pay workers' compensation benefits. Such a requirement violates the specifics of Louisiana Revised Statutes 23:1033. *889 Therefore, we affirm the hearing officer's award of workers' compensation benefits.

PENALTIES AND ATTORNEY FEES
The first installment of workers' compensation for a compensable injury involving temporary total or permanent total disability, or death, is due on the fourteenth day after the employer has notice of the injury or death. Louisiana Revised Statutes 23:1201(B). If an employer fails to timely pay benefits, the employer is subject to statutory penalties assessed on the unpaid benefits unless the employee's right to such compensation has been reasonably controverted by the employer. Louisiana Revised Statutes 23:1201(E). To reasonably controvert a claim, an employer must have sufficient factual and medical information to reasonably counter the factual and medical information provided by the employee. McKenzie v. City of Bossier City, 585 So.2d 1229 (La.App.2d Cir.1991).
If an employer fails to pay workers' compensation benefits within sixty days after receipt of written notice, and if that failure is found to be arbitrary, capricious, or without probable cause, the employer is also liable for reasonable attorney fees for the prosecution and collection of such claim. Louisiana Revised Statutes 23:1201.2.
Because the penalty and attorney fee statutes are penal in nature, they must be strictly construed. Fusilier v. Liberty Rice Mill, Inc., 569 So.2d 1050 (La.App. 3d Cir. 1990) and Terro v. WMCO, Inc., 619 So.2d 639 (La.App. 3d Cir.1993). The question of penalty and attorney fee assessment is essentially one of fact and the hearing officer's findings should not be disturbed on appeal absent manifest error. McKenzie, supra.
In this case, the hearing officer, by written reasons, found that:
"Plaintiff voluntarily chose the option which operated to waive his right to workers' compensation benefits. Mr. Dennis' testimony is also accepted that the defendant was not arbitrary in offering this option to employees in that there was no intent to violate the law; the option was attractive to employees who had accrued extensive leave and wanted no interruption of their paychecks; and the option is no longer used."
Based upon this evaluation, penalties and attorney fees were denied. We disagree with this result.
The facts of record do not excuse the state from refusal to pay compensation benefits after written demand by McCarty's attorney. There existed no basis in fact to controvert the validity of McCarty's disability. At this point, it should have been clear that the effect of the arrangement was to relieve the state of its statutorily mandated duty to its employee.
Furthermore, misinterpretation of the law is not sufficient to supply an employer with probable cause to believe that workers' compensation is not due when demanded. See McKenzie, supra. In fact, during the pendency of these proceedings, the state ceased making Option A available. The state was arbitrary, capricious, and without probable cause in failing to pay workers' compensation benefits.
We therefore find that the state is liable for reasonable attorney fees in the amount of $2,500.00 and statutory penalties.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is amended to award attorney fees in the amount of $2,500.00 and statutory penalties. In all other respects, the judgment of the hearing officer is affirmed. Costs of this appeal are assessed to appellants, to the extent allowed by law.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.