664 So.2d 616 (1995)
Robert LOLAN, Plaintiff-Appellee,
v.
LOUISIANA INDUSTRIES, Defendant-Appellant.
No. 95-602.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*617 Dorwan Gene Vizzier, Alexandria, for Robert Lolan, Plaintiff Appellee.
Carolyn Jeanelle Smilie, Alexandria, for Louisiana Industries, Defendant Appellant.
Before KNOLL, COOKS and SAUNDERS, JJ.
KNOLL, Judge.
This is a worker's compensation case in which the employer, Louisiana Industries, appeals a judgment of the Office of Worker's Compensation that awarded Supplemental Earnings Benefits (SEB) to Robert Lolan, Louisiana Industries' employee. Louisiana Industries contends that the hearing officer erred in awarding SEB. Lolan answered the appeal, contending that the hearing officer *618 miscalculated the SEB award and further asks us to amend the judgment of the hearing officer because she failed to make a specific award of attorney's fees[1] even though her reasons for judgment grant an attorney's fee award of $5,000.

FACTS
Louisiana Industries hired Lolan in September of 1992 as a production swing-shift man at its gravel pit operation in Woodworth, Louisiana. Louisiana Industries stipulated that Lolan had an on-the-job accident on May 11, 1993, and that the accident occurred while he was in the course and scope of his employment. Lolan testified that he injured his right shoulder as he was closing a chute to a wash plant.
Dr. Daniel Edwards, a physician with the Cabrini Center for Occupational Medicine, treated Lolan on the day of the accident and continued treatment until June 29, 1993. Dr. Edwards treated Lolan for a biceps strain or traumatic tendinitis of the long-head of the biceps. Throughout the time of his treatment with Dr. Edwards, Lolan was released to work with restrictions on the use of his right arm and right hand; he was further instructed to have assistance when he performed heavier work. Despite these restrictions, Dr. Edwards' records indicate that Lolan continued to aggravate his injury at work.
After seven weeks of treatment, Dr. Edwards referred Lolan to Dr. Douglas L. Gamburg, an orthopedic surgeon, because the strain had not resolved. Dr. Gamburg injected the right bicipital groove with Carbocaine and had Lolan remain without working for one week. Although there were signs of improvement, Dr. Gamburg's notes show that during Lolan's employment for the Alexandria Street Department, his shoulder pain increased when he shifted gears with his right hand and when he reached overhead. On June 14, 1994, an MRI showed degenerative changes of the acromioclavicular joint with subacromial compression and impingement of the supraspinatus tendon. Based on these findings, Dr. Gamburg recommended surgical intervention.
Lolan worked for Louisiana Industries until March 13, 1994, when his job was terminated. From March 14, 1994, to August 27, 1994, Lolan was employed through Western Temporary Services doing less strenuous work for the city of Alexandria Street Department. At the time of trial, Lolan was a full-time student at Louisiana State University at Alexandria.
Louisiana Industries paid for Lolan's medical expenses, but refused to pay for his proposed surgery. It never paid him worker's compensation weekly benefits. Lolan then initiated this claim with the Office of Worker's Compensation.

SUPPLEMENTAL EARNINGS BENEFITS
Louisiana Industries contends that the hearing officer was manifestly erroneous in its award of supplemental earnings benefits. Louisiana Industries argues that Lolan is not entitled to worker's compensation benefits because he returned to the same job immediately after the accident and earned the same wages until he was terminated on March 13, 1994. It further contends that although Lolan made less than 90% of his pre-injury wages while he worked for Western Temporary Services, it is not liable because Lolan may have aggravated his injury while he worked for a subsequent employer.
The hearing officer determined that Lolan was entitled to an award of SEB. She found that after the accident Lolan worked with the assistance of a co-employee and that he had not resumed full job duties at the time of his *619 termination by Louisiana Industries. The hearing officer further determined that the work Lolan performed during his employment at Western Temporary aggravated the work-related injury he received at Louisiana Industries. Thus, she reasoned that the Louisiana Industries' accident was the cause of his present disability.
To recover SEB, based upon disability and not substantial pain, an employee must first prove by a preponderance of the evidence that he is unable to earn wages equal to 90 percent or more of the wages he earned before the accident. La.R.S. 23:1221(3)(a); Peveto v. WHC Contractors, 93-1402 (La. 1/14/94), 630 So.2d 689; Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989); Glascock v. Georgia-Pacific Corp., 25677 (La.App. 2 Cir. 3/30/94), 635 So.2d 474. If the employee overcomes this initial step, then the burden shifts to the employer to establish that the employee is earning less than he is able to earn by showing the employee is physically able to perform a certain higher paying job and that the job was offered to him or was available to him in a reasonable geographic location. La. R.S. 23:1221(3)(c)(i); Peveto, 630 So.2d 689. Furthermore, it is well accepted that an aggravation of a work-related injury is compensable even if it occurs away from work. Kelly v. City of New Orleans, 414 So.2d 770 (La.1982). A causal connection is found between an original work-related accident and a subsequent accident which aggravates a work-related injury when it is shown that the first injury predisposed the employee to the second injury. Id.
In her written reasons for judgment, the hearing officer stated:
It is true ... that plaintiff is not entitled to disability benefits as long as he continued to work for LOUISIANA INDUSTRIES at wages equal to wages earned prior to the accident. The question remains, however, whether plaintiff suffered a new injury or an aggravation of the old injury while working for his subsequent employer, Western Temporary Services.
* * * * * *
There is no legal basis to conclude that aggravation of a previous injury during subsequent employment terminates the employee's right to supplemental earnings benefits from the employer whose job predisposed him to injury. Plaintiff's subsequent aggravation of his shoulder while working for Western Temporary Services was foreseeable and came about as the result of his employment and injury while working for LOUISIANA INDUSTRIES. That injury predisposed him to future aggravation/injury and future disability. Therefore, defendant is responsible for subsequent disability.
The record contains ample evidence to support a finding of reinjury of the shoulder as the result of shifting gears while working for Western Temporary Services. Both Dr. Edwards and Dr. Gamburg cautioned plaintiff to avoid strenuous activity. The evidence indicates that, although plaintiff continued to work long hours and perform much of his old job at LOUISIANA INDUSTRIES with some restrictions, he also continued to suffer from intermittent shoulder pain due to stress placed on the shoulder at work. These problems continued with his next employer. The MRI was consistent with the initial injury and with the subsequent complaints of pain over time. Dr. Gamburg relates his injury with the accident of May 11, 1993, [while plaintiff worked for Louisiana Industries]. He feels that the aggravation [during his employment with Western Temporary Services] was predictable and that it is more likely than not that the job plaintiff was performing in June of 1994 was aggravating his symptoms and making them worse. Plaintiff has proved a causal connection between the two accidents and is entitled to benefits for any disability.
We have reviewed the record and conclude that Lolan has proven by a preponderance of the evidence that his disability was caused by his injury that occurred during his employment at Louisiana Industries. In the present appeal, Louisiana Industries has not pointed to any facts that were improperly relied upon by the hearing officer. After thoroughly reviewing the record, we *620 cannot say that the record does not support the hearing officer's determinations of fact. In instances such as this where the question presented is heavily factual and is supported by the record, we cannot substitute our opinion for that of the fact finder. Accordingly, we find that the hearing officer was not manifestly erroneous in her determination of causation.
In reaching this determination, we will comment further on Louisiana Industries's assertion that SEB is improper, since Lolan was earning his full wages at the time of the termination of his employment with it for reasons unrelated to the accident. In essence, Louisiana Industries's contention is that "but for" Lolan's discharge for reasons unrelated to his accident at work, he would not qualify for SEB. We disagree. Even though Lolan earned his full wages for the time of his employment with Louisiana Industries, Lolan's termination from work at Louisiana Industries does not break the chain of causation. As found by the hearing officer, Lolan's disability began during his employment, it was in existence at the time of his termination, and it was this same disability that was aggravated during his subsequent employment.[2] Accordingly, we find Louisiana Industries's assertion misplaced.
We further find that Lolan has proven that he is presently unable to earn wages equal to 90 percent or more of his pre-illness wages. The medical evidence shows that Lolan is unable to physically return to his former employment. Because the defendant presented no evidence pursuant to La. R.S. 23:1221(3)(c)(i), demonstrating that Lolan was physically able to perform other employment, or that such employment was offered to plaintiff or available in his community, we find that the hearing officer properly awarded SEB to Lolan. In reaching our decision, we recognize that a hearing officer's determination of SEB is afforded great weight and will not be disturbed absent manifest error. Fusilier v. Slick Const. Co., 94-11 (La.App. 3 Cir. 6/1/94), 640 So.2d 788.

CALCULATION OF SEB
In his answer to the appeal, Lolan contends that the hearing officer improperly calculated his average weekly wage. He argues that the hearing officer should have based her determination on his actual earnings for the four full weeks prior to his injury instead of basing the calculation on estimated earnings for that time period.
La.R.S. 23:1021(10)(a)(i) provides as follows:
The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater;....
(Emphasis added).
The record establishes that the hearing officer had evidence of Lolan's actual wage records for the four full weeks before his injury. Louisiana Industries has not contested the accuracy of these wage figures. Based upon the wording of the statute and the availability of this evidence, we find that the hearing officer should have used these actual earnings. Accordingly, we will adjust Lolan's average monthly wage from the $2,604.08 (the amount found by the hearing officer) to the sum of $2,886.16 (the amount based on his actual wages), and amend the judgment accordingly.

ATTORNEY'S FEES
Lolan argues in his answer to the appeal that the hearing officer's judgment should be amended to provide for a $5,000 attorney's fee award. Lolan contends that the hearing officer discussed why she found attorney's fees appropriate in her reasons for judgment, *621 but failed to formally incorporate an award of attorney's fees in the judgment. In the event that we allow an amendment of the judgment to provide for such an award, Louisiana Industries argues that the hearing officer was manifestly erroneous in assessing it with attorney's fees.
Initially, we find that the judgment of the hearing officer should be amended to include a $5,000 award of attorney's fees. The written reasons for judgment clearly show that the hearing officer carefully considered the issue of attorney's fees and decided that this award was appropriate under the facts presented. Accordingly, it is clear that the hearing officer's failure to formally include the $5,000 award in the judgment was an oversight and should be corrected by us. Therefore, we amend the judgment to provide that Louisiana Industries is liable to Lolan for attorney's fees in the amount of $5,000.
Having corrected the judgment, we now turn to Louisiana Industries' contention that the hearing officer erred in awarding attorney's fees to Lolan. We also will further consider Lolan request in his answer to increase the attorney's fees for representation on the appellate level.
Attorney's fees are recoverable if the employer or insurer acted arbitrarily, capriciously or without probable cause in refusing to pay or terminating benefits. La. R.S. 23:1201.2. The hearing officer's decision on attorney's fees is essentially a question of fact and should not be reversed unless clearly wrong. Scott v. Central Industries, Inc., 602 So.2d 201 (La.App. 3 Cir.1992).
In the case sub judice, the hearing officer stated:
Defendant took the position in this case that it was not responsible for any disability occurring after its employment ended, where no disability occurred during its employment. There is no reasonable basis for this position in law. Louisiana law is clear that the employer is responsible for an injured worker's work-related disability, caused by a subsequent aggravation of a work-related injury, even if the aggravation occurred away from work. The medical evidence in this case was sufficient to support payment of benefits and yet defendant chose not to pay, based on a technical argument of law which has no support in the jurisprudence. For these reasons, ... reasonable attorney fees [are assessed] of $5,000.00....
We have carefully reviewed the record in light of well-established jurisprudence and find no clear error in the hearing officer's imposition of attorney's fees. Since we find that attorney's fees were properly awarded by the hearing officer and Lolan has successfully defended the judgment, we find that he is entitled to attorney's fees in the sum of $2,500 for the additional work on the appellate level.
For the foregoing reasons, the judgment of the Office of Worker's Compensation is affirmed in all respects, except to amend and recast the opening paragraph, to further amend the judgment to provide for attorney's fees, and to award an additional amount for attorney's fees on the appellate level:
IT IS ORDERED, ADJUDGED, AND DECREED that defendant, LOUISIANA INDUSTRIES be and it is hereby condemned to pay to plaintiff, ROBERT E. LOLAN, supplemental earnings benefits in accordance with the statutory formula, based on a pre-accident average monthly wage of $2,886.16, and based on post-accident average monthly wages as reflected in the Written Reasons; said benefits effective March 1994 and continuing thereafter.
IT IS ORDERED, ADJUDGED, AND DECREED that defendant, LOUISIANA INDUSTRIES, ET AL., be and it is hereby condemned to pay to plaintiff, ROBERT E. LOLAN, attorney's fees in the amount of $5,000 for representation in the Office of Worker's Compensation and an additional sum of $2,500 for representation on the appellate level.
Costs of this appeal are assessed to Louisiana Industries.
*622 AMENDED, AND AFFIRMED AS AMENDED AND RENDERED.
NOTES
[1] In his brief, Lolan also contends that the hearing officer erred in failing to incorporate an award for statutory penalties since she specifically referred to such an award in her reasons for judgment. La.Code Civ.P. art. 2133 provides that an appellee must state the relief demanded in the answer to the appeal. The jurisprudence has interpreted this article to mean that an answer to an appeal only operates as an appeal from those aspects of the judgment which the answer complains. Liedtke v. Allstate Ins. Co., 405 So.2d 859 (La.App. 3 Cir.), writ denied, 407 So.2d 748 (La.1981). In the case sub judice, Lolan makes no reference to the issue of statutory penalties in his answer to the appeal. Accordingly, we find that the issue of statutory penalties is not properly before us.
[2] At oral argument, Louisiana Industries questioned why Lolan's subsequent employer, Western Temporary Services, was not a party defendant in this worker's compensation claim. This issue was not raised before the hearing officer and was not argued in brief. Accordingly, we do not find that this issue is properly before us.