11 SULLIVAN, Judge.
Lowe’s of Alexandria appeals the award of supplemental earnings benefits (SEB) and penalties and attorney fees in favor of Belynda Rose. For the following reasons, we affirm.

Facts

On February 7,1999, Ms. Rose, who was employed by Lowe’s as a salesperson in the electrical department, injured herself when she tripped over a cable and fell on her right knee. The next day she began her previously scheduled vacation. On that day, she sought medical treatment for her knee at the emergency room of St. Frances Cabrini Hospital where she was given an injection and a knee immobilizer. The emergency room physician restricted Ms. Rose to sedentary duty. Ms. Rose testified that she suffered with pain and swelling in her knee for the duration of her vacation. She further testified that when she returned to work she had problems performing most of her job duties, which included heavy lifting, prolonged standing, repetitive bending, climbing a ladder, stooping, and squatting. This testimony was corroborated by her immediate superi- or, Cynthia Charon. Ms. Rose also testified that she requested being transferred to another position, but her request was denied. According to Ms. Rose, Lowe’s never offered her any other position. In April, she was released to full duty without *1106 restrictions. On April 25, 1999, she was terminated for reasons unrelated to her injury.
While employed at Lowe’s, Ms. Rose earned $6.50 per hour. During June, July, and August 1999, she worked for Huey P. Long Medical Center performing temporary full-time clerical work, earning $5.61 per hour. In June 2000, she briefly worked part time for the Rapides Parish School Board as a substitute food service technician where she was paid $5.15 per hour. From the first week of August 2000 | ¡^through May 2001, she worked through a temporary staffing agency in clerical and receptionist positions earning $7.00 per hour. Ms. Rose testified that she worked for the temporary staffing agency when called and that during some weeks she worked forty hours, but not always. She also testified that she sought employment at a local mall and at automobile dealerships without success.
In January 2000, Ms. Rose went to see Dr. Baer Rambach, an orthopedist, for her knee. Dr. Rambach recommended that she have an arthroscopic evaluation. In April 2000, he outlined in his notes activities that she should not engage in: climbing, squatting, kneeling, stooping, and bending. These are all duties that she had to perform regularly in her employment with Lowe’s. Lowe’s had Ms. Rose examined by Dr. L. Donovan Perdue for a second opinion. Dr. Donovan was of the opinion that she did not require “any significant work restrictions.” In December 2000, Dr. David D. Waddell, Jr., performed an independent medical examination on Ms. Rose. He agreed with Dr. Rambach that she probably needed an arthroscopic evaluation. In his evaluation report, he noted Dr. Rambaeh’s restrictions and recommended that Ms. Rose return to him for treatment.
The WCJ concluded that Ms. Rose proved that she was entitled to SEB beginning April 2000 and that she could earn at least minimum wage. He awarded her a $2,000.00 penalty and $4,000.00 in attorney fees for Lowe’s failure to pay her SEB and two $2,000.00 penalties and $4,000.00 in attorney fees for its failure to pay certain medical expenses. Lowe’s assigns as error the WCJ’s awards of SEB and multiple penalties for Ms. Rose’s claims for medical benefits.
| Standard of Review
The manifest error standard governs the review of an SEB claim. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551. In applying this standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Id. The question of penalty and attorney fee assessments is essentially a question of fact; therefore, it is also subject to the manifest error standard of review. McCarty v. State, Office of Risk Management, 94-33 (La.App. 3 Cir. 10/5/94); 643 So.2d 886.

Supplemental Earnings Benefits

In order to recover SEB, a workers’ compensation claimant must prove by a preponderance of the evidence that, because of a work injury, she is unable to earn wages equal to 90% or more of the wages she earned before her accident. La.R.S. 23:1221(3)(a); Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989). “Th[is] analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that worker’s compensation is to be liberally construed in favor of coverage.” Id. at 1007.
While Ms. Rose earned $7.00 per hour when working for the temporary staffing agency, the work was not permanent as was her position at Lowe’s and she was not *1107 always able to earn weekly wages equal to the weekly wages she earned at Lowe’s. She testified that she attempted to find other employment within the restrictions established by Dr. Rambach but was unsuccessful. We find no error with the WCJ’s conclusion that Ms. Rose satisfied her burden of establishing that, because of her knee injury, she was unable to earn wages equal to 90% of her pre-injury wage.
|4Once Ms. Rose satisfied her burden of proof, it was incumbent upon Lowe’s to establish that she was physically capable of performing a certain job and that the job was offered to her or that the job was available to her in her community or its community or in her reasonable geographic region. La.R.S. 23:1221(3)(c)(i); Daigle, 545 So.2d 1005. As noted by the WCJ in his reasons for ruling, Lowe’s did not present any evidence of jobs available to Ms. Rose; therefore, we find no error with his conclusion that Lowe’s failed to controvert Ms. Rose’s establishment of her right to SEB.
Asserting that the award of SEB was error, Lowe’s makes two arguments. First, it argues that Ms. Rose would still be employed by it if she had not been fired. A similar argument was rejected in Lolan v. Louisiana Industries, 95-602 (La.App. 3 Cir. 11/2/95); 664 So.2d 616. In Lolan, as here, the claimant was terminated for reasons unrelated to his injury. However, his disability, which began during his employment with the defendant, was aggravated during subsequent employment. The employer argued that SEB was inappropriate because the claimant was earning full wages at the time of his termination. Finding no break in the chain of causation of the claimant’s disability, this court affirmed the award of SEB. Lowe’s was notified by Ms. Rose’s treating physicians of her work limitations; however, it never offered her a position with physical requirements within those limitations. This argument is without merit.
Lowe’s also argues that Ms. Rose’s failure to earn wages equal to her pre-injury wage was due to her lack of transportation, not her knee injury. In Turner v. Sunbelt Manufacturing, 32-691, 32-692 (La.App. 2 Cir. 6/14/00); 763 So.2d 770, the claimant was unable to accept any available position because he was incarcerated in Isprison. Citing Banks, 696 So.2d 551, the second circuit held that “the employer’s burden of proving the existence of a suitable job within the claimant’s physical capabilities is not contingent upon the claimant’s cooperation or participation. Nor is actual job placement required. Thus, the claimant’s unavailability does not relieve [the employer] of its statutory responsibility.” Id. at 776. This argument is also without merit.

Penalties and Attorney Fees

Lowe’s second assignment of error is the WCJ’s award of two $2,000.00 penalties for its late payment of medical expenses. The WCJ awarded one $2,000.00 penalty for Lowe’s failure to pay for Ms. Rose’s emergency room treatment and to reimburse her for a prescription that was issued to her at that time. He awarded a second $2,000.00 penalty for its failure pay Dr. Rambach’s fees for his examinations on January 31, March 20, and April 25, 2000.
In Haynes v. Williams Fence & Aluminum, 01-26 (La.App. 3 Cir. 7/25/01); 805 So.2d 215; aff'd en banc, 01-26 (La.App. 3 Cir. 1/9/02); 805 So.2d 233, units granted, 02-478, 02-442 (La.4/26/02); 813 So.2d 1095, this court held that multiple penalties can be awarded for multiple violations regarding medical benefits claims. Finding no error with the WCJ’s determination regarding Lowe’s failure to pay these medical expenses, we affirm the award of multiple penalties.

*1108
Disposition

The judgment of the WCJ affirmed. Lowe’s of Alexandria is cast with all costs of this appeal.
AFFIRMED.