# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 24-294

WILLIAM BRUNNER

VERSUS

**NAES CORPORATION AND**
**ZURICH AMERICAN INSURANCE COMPANY**

**********

ON APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 3
PARISH OF CALCASIEU, NO. 23-02734
THOMAS E. TOWNSLEY, WORKERS' COMPENSATION JUDGE

**********

**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville
Wilson, Judges.

**AFFIRMED AS AMENDED.**

**Kirk L. Landry**
**Virginia J. McLin**
**Keogh, Cox & Wilson, Ltd.**
**701 Main Street**
**Post Office Box 1151**
**Baton Rouge, Louisiana 70821**
**(225) 383-3796**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **NAES Corporation and**
    **Zurich American Insurance Company**


**Jason R. Bell**
**SWLA Injury Attorneys, LLC**
**949 Ryan Street, Suite 130**
**Lake Charles, Louisiana 70601**
**(337) 419-3710**
**COUNSEL FOR CLAIMANT/APPELLEE:**
    **William Brunner**

**PERRY, Judge.**

This is a workers' compensation claim where the claimant alleges a work-related leg injury was the cause of a subsequent off-the-job injury. The employer appeals the judgment of the workers' compensation judge finding the employer liable for the claimant's subsequent injury and the claimant entitled to medical expenses, temporary total disability benefits, penalties, and attorney fees. For the reasons that follow, we affirm as amended.

## FACTS AND PROCEDURAL HISTORY

William Brunner ("Mr. Brunner"), a welder employed by NAES Corporation ("NAES"), was involved in a work-related accident on August 26, 2022, when a beam fell from an overhead crane, striking his right leg and forearm. Mr. Brunner received indemnity benefits and medical expenses relating to his injuries, which included surgery on February 8, 2023, for a right hamstring muscle repair, fascia repair, and application of alpha graphic amniotic tissue performed by Dr. Brett Cascio ("Dr. Cascio"). Mr. Brunner was ultimately released to return to work by Dr. Cascio on April 19, 2023.

On June 5, 2023, Mr. Brunner filed a disputed claim for compensation against NAES and its insurer, Zurich American Insurance Company (hereinafter collectively referred to as "Defendants"), alleging that he was injured in a work accident on August 26, 2022, and that "Dr. Cascio restricted [him] from work on 5/18/23[1] but [Defendants] refused to reinstate indemnity benefits." In answer, Defendants acknowledged Mr. Brunner's August 2022 work accident, injuries, and workers' compensation coverage; however, Defendants affirmatively asserted Mr. Brunner

---

[1] The evidence reveals Dr. Cascio restricted Mr. Brunner from work on May 10, 2023.

"was released to full unrestricted work duty on April 19, 2023 by . . . Dr. Cascio" and specifically denied liability for "a subsequent intervening injury on or about May 5, 2023[, Mr. Brunner allegedly sustained] 'while helping a friend move a washer'."

After trial in this matter in February 2024, the workers' compensation judge ("WCJ") found Mr. Brunner injured his right leg in a work accident on August 26, 2022, and suffered a compensable aggravation to that injury, even though it occurred away from work when Mr. Brunner helped move a washing machine on May 5, 2023. Additionally, the WCJ: (1) found Mr. Brunner is entitled to temporary total disability ("TTD") benefits from May 10, 2023, to the date of trial "and continuing until he sees Dr. Cascio again when he can address [Mr. Brunner's] current medical condition and work status[;]" (2) found Mr. Brunner is entitled to receive medical treatment from Dr. Cascio for his right leg injury and all bills connected thereto; and (3) determined Defendants' refusal to reinstate Mr. Brunner's indemnity benefits and denial of his medical benefits was arbitrary and capricious, therefore, Mr. Brunner was awarded $4,000.00 in penalties and $10,000.00 in attorney fees along with court costs.[2] Judgment to this effect was signed March 11, 2024.

Defendants filed an appeal contesting the WCJ's judgment. Mr. Brunner filed an answer to the appeal seeking an additional award of attorney fees for work done on appeal.

## ASSIGNMENTS OF ERROR

On appeal, Defendants assert three assignments of error:

1.  The WCJ committed legal error when he failed to apply the precedent of *Buxton v. Iowa Police Department*[, 09-520 (La. 10/20/09), 23 So.3d 275,] and failed to find that the superseding

---

[2] The WCJ also declared "interest will be on the back due indemnity benefits only as interest wasn't plead with regard to anything else."

and intervening accident that occurred on May 5, 2023[,] was the cause of the current condition of the Claimant.

2. The WCJ committed legal error in awarding indemnity benefits under the Louisiana Workers' Compensation Law where Claimant did not meet the statutory definition and evidence was presented that Claimant can work in some capacity.

3. The WCJ committed manifest error in awarding penalties and attorney fees because the claim was reasonably controverted.

## APPELLANTS' ARGUMENTS

Defendants argue Mr. Brunner sustained a new injury while moving a washing machine on May 5, 2023. They contend the washing machine incident was an intervening accident wholly unrelated to Mr. Brunner's work-related injury. As such, Defendants contend the WCJ erred in finding they are liable for any injury Mr. Brunner sustained in the washing machine incident, any disability arising therefrom, or any workers' compensation benefits thereafter.

Defendants contend Mr. Brunner did not prove by clear and convincing evidence that he is unable to engage in any employment and, thus, entitled to TTD benefits. Defendants allege the evidence presented at trial, which includes the testimony of Dr. Cascio, established that Mr. Brunner is able to return to work in some capacity. Thus, they argue the WCJ legally erred by awarding TTD benefits.

Finally, Defendants contend the WCJ was manifestly erroneous in finding that Mr. Brunner is entitled to statutory penalties under La.R.S. 23:1201(F), as well as an award of attorney fees. Defendants argue they have reasonably controverted Mr. Brunner's workers' compensation claim; thus, the WCJ erred in awarding penalties of $4,000.00 and attorney fees in the amount of $10,000.00.

Mr. Brunner argues he reinjured/aggravated his work-related hamstring injury while helping his friend move a washing machine on May 5, 2023. He contends his subsequent off-the-job injury was related to, or caused by, his work-related injury. Thus, Mr. Brunner asserts the WCJ correctly held Defendants are responsible and the Defendants wrongly denied his claim for workers' compensation benefits.

Mr. Brunner contends the WCJ did not err in awarding TTD benefits. According to Mr. Brunner, Dr. Cascio restricted him from work on May 10, 2023, and the evidence at trial, specifically the testimony of Dr. Cascio, proves he has never been released from this restriction.

Mr. Brunner argues Defendants articulated no objective reason for refusing to approve medical treatment and pay indemnity benefits after Dr. Cascio restricted him from work on May 10, 2023. He further alleges that Defendants did not seek an opinion from Dr. Cascio on the aggravation and did nothing to investigate the aggravation; thus, Mr. Brunner asserts the WCJ properly awarded him penalties and attorney fees for Defendants' denial of his claim.

In his answer to appeal, Mr. Brunner seeks an additional award of attorney fees for work done on appeal.

**STANDARD OF REVIEW**

Appellate courts review the factual determinations in workers' compensation cases using the manifest error or clearly wrong standard of appellate review. *Smith v. Packaging Corp. of Am.*, 22-171 (La.App. 3 Cir. 11/30/22), 354 So.3d 132, *writ denied*, 23-001 (La. 2/24/23), 356 So.3d 343. The manifest error or clearly wrong standard of review was explained by the supreme court in *Stobart v. State, through*

*Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La.1993) (internal citations and quotation marks omitted), as:

> [T]he issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. However, where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Nonetheless, this Court has emphasized that the reviewing court must always keep in mind that if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.

## LAW AND DISCUSSION

Defendants first assignment of error challenges the WCJ's ruling, which holds them responsible for Mr. Brunner's May 2023 injury. To support their position, Defendants rely to a great extent on the Louisiana Supreme Court's holding in *Buxton*, 23 So.3d at 286, which emphasized the "requirement that the subsequent injury flow from the work-related injury and not be caused by an intervening accident wholly unrelated to the work-related injury."

According to Defendants, Mr. Brunner was doing well and had been released to full duty work by his treating physician until he injured himself while helping a friend move a washing machine. Defendants point to the deposition of Dr. Cascio, whom they allege testified Mr. Brunner could have suffered the same torn hamstring simply by moving the washing machine. Thus, Defendants contend the incident with the washing machine was an intervening and superseding cause of Mr. Brunner's current medical condition.

5

Defendants argue that the facts of this case are exactly what the supreme court reviewed under *Buxton*, 23 So.3d 275. We disagree, finding *Buxton* is distinguishable from the case before us. Though both Buxton and Mr. Brunner suffered subsequent off-the-job injuries, the similarity ends there.

In *Buxton*, 23 So.3d 275, the claimant alleged he aggravated a work-related back injury when he was involved in a second accident where the vehicle he was driving collided with a cow. The supreme court explained that when determining whether an employee is entitled to workers' compensation benefits for an injury suffered after a work-related injury, "[t]he key question is the relationship between the second injury and the initial, work-related injury." *Id*. at 284. The supreme court reversed the lower courts' determinations that the claimant's work-related back injury was a cause of the off-the-job injuries suffered by the claimant when his vehicle hit a cow, stating:

> [T]here was no proof that Buxton was predisposed to injury by the [work-related] accident. . . . There was no evidence that the work-related injury predisposed Buxton to future injury such as disc problems in the lumbar region that appeared after the severe collision with the cow, but not before.

*Id*. at 286.

In the instant case, Dr. Cascio testified that Mr. Brunner was predisposed to injury by his work-related accident. On April 19, 2023, Dr. Cascio found Mr. Brunner to be relatively improved—he had no pain, swelling, numbness, or popping. Following the washing machine incident, Mr. Brunner reported a pulling sensation where he had the surgery, as well as increased pain. Dr. Cascio restricted Mr. Brunner from working and ordered an MRI, which confirmed that Mr. Brunner's hamstring repair was intact. Though a nonwork-related accident, Dr. Cascio testified that he considered the hamstring strain and resulting pain Mr. Brunner suffered while

6

helping a friend move a washing machine to be a natural or expected consequence of his original work-related injury. Thus, the record contains proof that Mr. Brunner's work-related injury predisposed him to future injury to his hamstring. Based on our review of the facts in this case, we cannot conclude that the WCJ erred in determining Mr. Brunner's work-related leg injury was the cause of his subsequent off-the-job leg injury.

Defendants second assignment of error addresses the WCJ's ruling granting TTD benefits. Defendants allege that Dr. Cascio opined Mr. Brunner had reached maximum medical improvement and could be released to work. Thus, Defendants argue the WCJ legally erred in awarding Mr. Brunner TTD benefits.

Under La.R.S. 23:1221(1), to be entitled to TTD benefits, a claimant must prove by clear and convincing evidence that he is unable to work. This burden requires "introducing objective medical evidence supporting the existence of a disabling condition." *Johnson v. T.K. Stanley, Inc.*, 00-1000, p. 9 (La.App. 3 Cir. 2/28/01), 781 So.2d 760, 766 (footnote omitted).

The evidence reveals Mr. Brunner was released from his restriction from working in April 2023 by Dr. Cascio; however, following the incident with the washing machine in May 2023, Mr. Brunner was again placed on "no work" status by Dr. Cascio. Dr. Cascio testified that this restriction remained until the last appointment Mr. Brunner had with him in June 2023, since Mr. Brunner had no more recent follow-up care. Mr. Brunner testified his treatment with Dr. Cascio ended due to Defendants' refusal to approve, and his lack of ability to afford, any further medical treatment. When asked whether Mr. Brunner was able to return to work, Dr. Cascio testified it was possible Mr. Brunner was able to return to work, but he

could not answer that question until he examined Mr. Brunner and/or arranged a functional capacity evaluation.

Based on Dr. Cascio's medical opinion, the WCJ found Mr. Brunner satisfied his burden of proof. We find no manifest error in the WCJ's decision.

Defendants' final assignment of error challenges the WCJ's awards of penalties and attorney fees under La.R.S. 23:1201(F). Defendants argue they presented a valid legal defense and, therefore, penalties and attorney fees should not have been awarded.

The penalties for failure to make timely payments of compensation and/or medical expenses are set forth in La.R.S. 23:1201(F), which provides, in pertinent part (emphasis added):

> [F]ailure to provide payment in accordance with this Section . . . *shall* result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day in which any and all compensation or medical benefits remain unpaid . . . together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. . . . Penalties *shall* be assessed in the following manner:
>
> . . . .
>
> (2) This Subsection *shall not apply if the claim is reasonably controverted* or if such nonpayment results from conditions over which the employer or insurer had no control.

The Louisiana Supreme Court has long held, "The purpose of imposition of penalties and attorney fees is to discourage indifference and undesirable conduct by employers and insurers." *Authement v. Shappert Eng'g*, 02-1631, p. 11 (La. 2/25/03), 840 So.2d 1181, 1188. When determining whether penalties and attorney

fees should be imposed on an employer, the crucial inquiry is "whether the employer had an articulable and objective reason to deny benefits at the time it took action." *Id*. "To reasonably controvert a claim, an employer must have sufficient factual and medical information to reasonably counter the factual and medical information provided by the employee." *McCarty v. State, Off. of Risk Mgmt.*, 94-33, p. 5 (La.App. 3 Cir. 10/5/94), 643 So.2d 886, 889.

"The decision to assess penalties and attorney fees is a question of fact that is in the great discretion of the WCJ, and it should not be reversed on appeal absent manifest error." *Jeansonne v. Dep't of Pub. Safety & Corr. Youth Servs., Off. of Juv. Just.*, 17-635, p. 9 (La.App. 3 Cir. 6/6/18), 247 So.3d 893, 900–01, *writ denied*, 18-1148 (La. 10/29/18), 254 So.3d 1209. The factors used in determining attorney fees in workers' compensation cases are "the degree of skill and ability exercised, the amount of the claim, the amount recovered for the plaintiff, and the amount of time devoted to the case." *Naquin v. Uniroyal, Inc.*, 405 So.2d 525, 528 (La.1981).

In his ruling regarding these awards, the WCJ declared, in relevant part:

> Given the employer and insurer have a continuing duty to investigate the claim, this court opines that [Defendants] should have inquired with Dr. Cascio as to whether the 5-5-23 incident aggravated Mr. Brunner's original injury and caused a change in his work status that was related thereto, or that it was an intervening and subsequent accident that injured his leg and was not related to the work accident.

> As such, and given Dr. Cascio's trial testimony, [Defendants have] not reasonably controverted the claim; therefore, the refusal to reinstate indemnity and approve medical treatment following the April 19, 2023, return to work [order] was arbitrary and capricious and gives rise to penalties and attorney[] fees.

The record indicates that Defendants denied Mr. Brunner's entitlement to workers' compensation benefits based on their analysis of *Buxton*, 23 So.3d 275, and their conviction that its holding applied to the facts in this case, which formed the

basis of their argument that the incident with the washing machine was an intervening and superseding cause of Mr. Brunner's current medical condition. The WCJ rejected those arguments, and we have affirmed his rulings. "Reliance on an erroneous interpretation of a law subjects the employer to penalties and attorney fees." *Smith*, 354 So.3d at 144. Thus, we find the WCJ did not manifestly err in awarding penalties and attorney fees based on the arbitrary and capricious denial of Mr. Brunners' workers' compensation claim.

### Mr. Brunner's Answer to Appeal

Mr. Brunner has requested additional attorney fees for the work incurred as a result of this appeal. As stated by this court in *Smith*, 354 So.3d at 144:

> "The award of additional attorney fees is warranted when the claimant successfully defends its judgment." *Thomas Med. Grp., APMC v. Stine, LLC*, 10-580, p. 5 (La.App. 3 Cir. 12/8/10), 52 So.3d 993, 997. "Generally, when an award for attorney's fees is granted [by the WCJ], additional attorney's fees are proper for work done on appeal [so as] to keep the appellate judgment consistent with the underlying judgment." *Wilczewski v. Brookshire Grocery Store*, 08-718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09-456 (La. 4/13/09), 5 So.3d 170.

Thus, based upon counsel's successful defense of the WCJ's judgment, we award an additional attorney fee of $5,000.00.

### DECREE

For the foregoing reasons, the judgment appealed from is affirmed, as amended, to award additional attorney fees in the amount of $5,000.00 for work done on appeal in favor of the claimant, William Brunner, and against Defendants/Appellants, NAES Corporation and Zurich American Insurance Company. All costs of this proceeding are assessed against Defendants/Appellants, NAES Corporation and Zurich American Insurance Company.

**AFFIRMED AS AMENDED.**