871 So.2d 375 (2004)
Kathy WILKERSON
v.
CITY OF NEW ORLEANS FIRE DEPARTMENT.
No. 2003-CA-1550.
Court of Appeal of Louisiana, Fourth Circuit.
March 3, 2004.
Rehearing Denied May 18, 2004.
*377 Milton Osborne, Jr., New Orleans, LA, for Plaintiff/Appellant.
Richard L. Seelman, Wayne J. Fontana, Courtenay, Hunter & Fontana, L.L.P., New Orleans, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge EDWIN A. LOMBARD, Judge Pro Tempore MOON LANDRIEU).
EDWIN A. LOMBARD, Judge.
This appeal arises out of the denial of workers' compensation benefits, penalties and attorney's fees. For the following reasons, we affirm.

Pertinent Facts and Procedural History
The plaintiff/appellant, Kathy Wilkerson, was employed as a firefighter with the City of New Orleans. On June 23, 1996, during the course of her employment she injured her back. Ms. Wilkerson received workers' compensation benefits until February 26, 1997, when her treating physician, Dr. Kenneth Butler, gave her a full medical release to return to full duty with the fire department. On May 19, 1997, she was involved in a non-work related automobile accident[1] and, shortly thereafter, began treatment with Dr. Stewart Altman (and later with Dr. Kenneth Adatto) for injuries to her back and neck. She was unable to return to her duties as a firefighter and subsequently received a settlement for the injuries sustained in the automobile accident.
On February 24, 2000, Ms. Wilkerson filed a Disputed Claim For Compensation with the Office of Workers' Compensation claiming that she was entitled to benefits because the subsequent automobile accident aggravated her June 1996 workrelated injury. Ms. Wilkerson's claim for benefits was denied and the case proceeded to trial on April 14, 2003, before Workers' Compensation Judge, Gwendolyn F. Thompson. On May 12, 2003, judgment was rendered, denying Ms. Wilkerson workers' compensation benefits and medical expenses from the May 1997 accident.
Ms. Wilkerson timely filed this devolutive appeal.

Applicable Law
An injured employee is entitled to receive benefits for an injury that arises out of and in the course and scope of his employment.[2] La.Rev.Stat. 23:1031 A. In order to recover, the injured employee must establish (1) a work related accident; (2) a disability; and (3) a causal connection between the accident and the disability. Daniel v. New Orleans Public Service Inc., 02-2427(La.App. 4 Cir. 12/3/03), 861 So.2d 721 (citation omitted). The exact cause of the disability need not be determined but the employee must show by a preponderance of the evidence that the work accident caused the disability. Hammond v. Fidelity Cas. Co. of New York, 419 So.2d 829, 831 (La.1982). In determining the probability that the disability was caused by a work accident, medical testimony must be weighed in light of other credible evidence of a nonmedical character, such as a sequence of symptoms or events. Id. (citation omitted). Provided that the evidence shows that there is a reasonable possibility of causal connection *378 between the work-related accident and the disabling condition, an employee's disability may be "presumed to have resulted from an employment accident if the plaintiff was in good health before the accident and the symptoms of the disabling condition appeared and continuously manifested themselves" after the accident. Id. at 831; see also Doucet v. Baker Hughes Production Tools, 93-3087, p. 2 (La.3/11/94), 635 So.2d 166, 167-68 (under standard set in Hammond, employee entitled to rebuttable presumption that disability is result of employment accident). Thus, under limited circumstances a disabling condition resulting after a non-work-related accident is compensable if (1) the employee suffered a previous workrelated injury; (2) there was a great likelihood that the worker would receive additional injuries because of the work-related injury; and (3) the subsequent accident which aggravated the work-related injury was foreseeable. See Employers Mutual Liability Insurance Company of Wisconsin v. Dixon, 425 So.2d 885, 886 (La.App. 4 Cir.1983)(reconciling Kelly v. City of New Orleans, 414 So.2d 770 (La.1982) (surgery which became necessary because of nonwork related accident based on medical testimony indicating a 75 probability that such an accident would occur because employees ligaments had been weakened in work-related accident) and Allstate Insurance Company v. Theriot, 362 So.2d 1214 (La.App. 4th Cir.1978), revd on other grounds, 376 So.2d 950 (La.1979) (employer not liable for additional workers compensation as a result of second accident because that accident was non-work related)).

Burden of Proof
Claimants in a workers' compensation proceeding have the initial burden of proof as to causation. Dean v. K-Mart Corp., 97-2850 (La.App. 4 Cir. 7/29/98), 720 So.2d 349. The workers' compensation claimant must prove by a preponderance of the evidence that an employment accident had a causal relationship to the disability; if the testimony leaves the probabilities evenly balanced, the claimant has failed to carry the burden of persuasion. See Harvey v. Bogalusa Concrete, Inc., 97-2945 (La.App. 1 Cir. 9/25/98), 719 So.2d 1130,1131.

Standard of Review
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556 (citations omitted). Under this standard, the issue is not whether the trier of fact was right or wrong but whether the factfinder's conclusion was a reasonable one. Id. (citations omitted). Where there are two permissible views of evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882-83 (La.1993). Accordingly, if the factfinder's findings are reasonable in light of the record reviewed in its entirety, this court may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks, 696 So.2d at 556 (citation omitted).

Discussion
On appeal, Ms. Wilkerson asserts three assignments of error: (1) the trial court erred in finding that she was not entitled to workers' compensation benefits after the May 1997 automobile accident; (2) the trial court erred in finding that the *379 May 1997 and December 2002 accidents[3] were not an aggravation of her 1996 jobrelated injuries; and (3) the trial court erred in failing to award penalties and attorney's fees.
The premise of Ms. Wilkerson's argument in her first two assignments of error is that, although she returned to work in February 1997, she remained disabled. Accordingly, Ms. Wilkerson contends that the automobile accident in May 1997 served only to aggravate her pre-existing condition and her disability was a result of the work-related accident. In support of this contention, the appellant points only to her trial testimony that Dr. Butler released her to return to work in February 1997 because she requested him to do so out of fear for losing her job with the fire department.
In response, the defendant/appellee, the City of New Orleans Fire Department, maintains that workers' compensation benefits were correctly denied because the 1997 automobile accident was an intervening and independent action that did not result in the aggravation of Wilkerson's prior work-related injury and that even if Ms. Wilkerson's accident aggravated her work injuries she does not have a compensable claim in this case because the motor vehicle accident was not reasonably foreseeable or a natural or expected consequence of her original accident and injuries. The appellee submits that the record evidence, particularly the medical reports of Dr. Altman, Dr. Phillips and Dr. Adatto related to appellant's 1997 automobile accident and Dr. Butler's February 1997 report releasing Ms. Wilkerson back to full duty with no limitations, supports the trial court's finding that Ms. Wilkerson's disability was not work-related and, therefore, not compensable.
In her reasons for judgment, Judge Thompson found as follows:
The evidence presented showed that claimant had recovered enough from her work accident on June 23, 1996[,] and that she had returned to full duty as a fire fighter on February 26, 1997. Based on the evidence presented, claimant performed all duties required of a New Orleans Fire fighter.
On May 18, 1997, claimant had a non-work-related car accident that rendered claimant unable to ever return as a fire fighter.
All medical evidence supports that claimant had recovered to the extent that she could perform the required duties of a New Orleans fire fighter.
Claimant is NOT entitled to any indemnity benefits after her return to work in February of 1997.
A review of the record supports the trial court's findings. First, the medical evidence introduced at trial reveals that in her medical histories given to Doctors Altman, Gaupp, Phillips, and Adatto after the 1997 automobile accident, Ms. Wilkerson indicated that she had fully recovered from her previous work-related injury. Moreover, there is no medical evidence in the record that indicates that the injuries sustained by Ms. Wilkerson in the 1997 automobile accident were attributed to, or an aggravation of, her prior work-related injury.
Although Ms. Wilkerson testified at trial that she remained disabled after her return to full duty in February 1997, there is no evidence in the record to support her *380 contention. Moreover, her testimony is refuted by Dr. Butler's report which released her for full duty in February 1997 and by the trial testimony of her immediate supervisor who testified that he observed no physical limitations in Ms. Wilkerson's performance of her duties as a firefighter upon her return to work and was never informed by Ms. Wilkerson that she had not fully recovered from her previous injuries.
Given the great weight afforded to the trial court with respect to evaluations of witnesses and credibility determinations and in light of the record evidence to the contrary, we cannot say that the trial court erred in discounting Wilkerson's testimony that she was not fully recovered when she returned to duty in February 1997. The automobile accident that caused Ms. Wilkerson's disabling injury was an intervening and independent action, not a natural or expected consequence of her original work-related injury, and, accordingly, she is not entitled to workers' compensation for injuries arising out of the second accident. See Employers Mutual Insurance Company of Wisconsin, 425 So.2d at 886; see also Elliott v. Glass, 615 So.2d 1354 (La.App. 2 Cir.1993).
Because we conclude that Ms. Wilkerson is not entitled to compensation benefits, we do not address her third assignment of error in relation to the trial court's denial of attorney's fees and penalties. See La. Rev.Stat. 23:1201.

Conclusion
For the foregoing reasons, the judgment to deny workers' compensation benefits is affirmed.
AFFIRMED.
NOTES
[1] The parties have stipulated that the automobile accident was not work-related.
[2] A work-related accident is defined as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration. La.Rev.Stat. 23:1021(1).
[3] Wilkerson argues for the first time in her appeal brief that she injured her foot in a fall in December 2002, and that it somehow was an aggravation of her previous work-related back injury. Wilkerson presented no testimony or evidence at trial in relation to a foot injury. Accordingly, that incident is not considered in this appeal.