MAX N. TOBIAS, JR., Judge.
11This appeal arises from the denial of disability benefits to the claimant, Leroy Robbins (“Robbins”), who alleges that he is permanently and totally disabled as a result of a back injury he sustained while working as a golf steward at City Park in New Orleans.
Robbins, age sixty-seven years, was employed by the State of Louisiana through the Department of Culture, Recreation, and Tourism (“the state”) as a recreational facility steward at a golf driving range in City Park in New Orleans. His duties as a golf steward included retrieving golf balls, giving golf lessons, and selling golf balls to patrons of the driving range. Robbins sustained a back injury on 12 August 1999 when he bent over to pick up a nine (9) pound bucket of golf balls.
Robbins reported the injury to his employer and was sent to an occupational physician for a medical evaluation. The evaluation revealed an abdominal aneurysm, for which he was referred to his personal physician, as the aneurysm was not work-related. He underwent surgery for the aneurysm and subsequently required quadruple coronary artery bypass surgery. Following these surgeries, Robbins continued to suffer from back pain, so he was referred to Larry Haydel, pM.D. (“Dr.Haydel”) for an evaluation of his back condition. Dr. Haydel recommended and performed a discectomy at the L4-5 level of the lumbar spine in February 1996. Because Robbins continued to report pain, a second procedure, a spinal fusion, was performed in June 1998 by Mitchell Harris, M.D. (“Dr.Harris”). Robbins also participated in physical therapy both before and after his surgical procedures.
At the time of the accident, Robbins’ average weekly wage was $265.00. Robbins received workers’ compensation benefits in the amount of $174.50 per week from 12 August 1996 until 19 September 1999, at which time his benefits were terminated by the Office of Risk Management *1243 on behalf of the State of Louisiana (“ORM”). ORM discontinued Robbins’ benefits on the grounds that Dr. Harris had approved his employment in four positions identified by the vocational rehabilitation specialists handling his case and was of the opinion that he could successfully return to work in any of those positions.
On 7 September 2000, Robbins filed a disputed claim for compensation with the Office of Workers’ Compensation (“OWC”). The state filed an answer to the claim.
At trial before the OWC judge, Robbins testified himself and presented the testimony of three additional lay witnesses: Nancy Robbins, his wife; Judith Hynes, his sister-in-law; and Christopher Hynes, his brother-in-law and husband of Judith Hynes. All of the witnesses testified regarding their observations of Robbins’ discomfort and lifestyle changes. Robbins introduced no medical witness or testimony into evidence.
Robbins testified that since the accident, he has suffered from muscle spasms that cause him pain and prevent him from driving safely and which make it 1 ^difficult for him to leave the house. He testified that the spasms increase as his physical activity increases, and that he fears losing control of his bladder in public as a result of the spasms. He described an incident at Wal-Mart in which he lost control of his bladder, which embarrassed him greatly. He likened his condition to that of being a prisoner in his own home.
Robbins’ wife testified that she has witnessed her husband in spasm and confirmed that her husband has bladder control issues when he suffers spasms. She testified that she no longer allows her husband to drive her automobile, both because she does not feel he can be a safe driver when he suffers from the spasms and because of his incontinence.
Both of the Hyneses testified that they knew of Robbins’ spasms and resulting problems and had witnessed him in apparent discomfort, but had not actually seen him lose control of his bladder. Mr. Hynes offered that while he and Robbins would sometimes play golf after they first met in 1991, Robbins’ physical activity had decreased substantially since 1996.
The only witness presented by the state was Elfreda Russell, the adjuster with ORM who had handled Robbins’ case. She confirmed that Robbins’ benefits were discontinued in September 1999 due to Dr. Harris’ opinion that Robbins could perform the duties of jobs found through vocational training and in line with the result of Robbins’ functional capacity evaluation.
At the conclusion of the trial, Robbins’ medical records were entered into evidence, His records confirm that Dr. Harris, as well as his vocational case managers, were of the opinion that Robbins could return to work, given his educational level and abilities. Although there is mention of his incontinence in |4the records, his physician’s notes suggest that his bouts occurred fairly infrequently.
The OWC issued a final judgment on 18 October 2004, finding that although Robbins suffered a personal injury arising out of and in the course and scope of his employment at City Park, he “did not meet his burden of proving by clear and convincing evidence that because of his work-related accident, he is permanently and totally disabled for the purpose of receiving Permanent Total Disability benefits (PTD).” The judgment went on to find that insofar as Dr. Harris approved Robbins to perform the duties of four positions identified through vocational rehabilitation, and insofar as Robbins failed to put forth any medical evidence to substantiate his claim that he is disabled as a result of *1244 his employment injury, he was not entitled to any PTD benefits, penalties, or attorneys’ fees.
Robbins assigns two errors to the OWC. First, he asserts that the workers’ compensation court erred when it failed to consider lay witness testimony offered to establish that he was totally and permanently disabled pursuant to La. R.S. 23:1221 (“Workers’ Compensation Statute”). The second error assigned by the appellant is the court’s failure to find that he was totally and permanently disabled under the Workers’ Compensation Statute.
First, we note that the trial court did not prevent Robbins from presenting the testimony of his lay witnesses at trial and did not indicate in its judgment that it disregarded the lay testimony. We can only surmise that the OWC court considered the substance and weight of the lay testimony admitted into evidence in reaching its conclusion. Whether the trial court properly weighed the evidence before it is another matter, more squarely addressed by the second assignment of error. Therefore, the first assignment of error is without merit.
I,In his second assignment of error, Robbins maintains that the evidence he put forth at trial was sufficient to carry his burden of proof to obtain disability benefits and that the trial court erred in failing to reach that conclusion. We disagree.
To prevail at a workers’ compensation hearing, a claimant seeking benefits must establish by “clear and convincing” evidence that 1) he sustained an injury in the course and scope of his employment; 2) he is disabled; and 3) a causal connection between his disability and the employment-related injury exists. Wilkerson v. City of New Orleans Fire Dept., 03-1550, p. 2 (La.App. 4 Cir. 3/3/04), 871 So.2d 375, 377, citing, Daniel v. New Orleans Public Service, 02-2427, p. 5 (La.App. 4 Cir. 12/3/03), 861 So.2d 721, 725. Our own jurisprudence further instructs that in order to carry the burden of proving disability by clear and convincing evidence, the claimant must present “objective medical evidence.” Daniel, 02-2427, p. 6, 861 So.2d at 726. It is undisputed that Robbins did not present any objective medical evidence to substantiate his claim for disability benefits.
In Chaisson v. Cajun Bag & Supply Co., 1997-1225, p. 8-9 (La.3/4/98), 708 So.2d 375, 380-81, the Louisiana Supreme Court discussed the standard of review to be applied to factual findings in workers’ compensation cases:
Factual findings in worker’s compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Seal v. Gaylord Container Corp., 97-0688, p. 4 (La.12/02/97), 704 So.2d 1161; Banks v. Industrial Roofing & Sheet Metal Works, 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556; Smith v. Louisiana Dep’t of Corrections, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; Freeman v. Poulan/Weed Eater, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier lfiof fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Seal, 97-0688 at p. 4[, 704 So.2d at 1164]; Banks, 96-2840 at pp. 7-8, 696 So.2d at 556; Freeman, 93-1530 at p. 5, 630 So.2d at 737-38; Stobart v. State, 617 So.2d 880, 882 (La.1993). Where there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Seal, 97-0688 at p. 5[, 704 So.2d at 1164]; Banks, 96-2840 at p. 8, 696 So.2d at 556; Stobart, 617 So.2d at 882. “Thus, ‘if the *1245 [factfinder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’ ” Seal, 97-0688 at p. 5[, 704 So.2d at 1164]; Banks, 96-2840 at p. 8, 696 So.2d at 556 (quoting Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990)). {Internal citations omitted.}
Thus, if the evidence contained in the record on appeal supports the factual determinations of the trier of fact, we are required to affirm the findings.
Thus, although Robbins presented lay testimony that he suffers from a permanent and total disability as a result of his back injury, he put forth no objective medical evidence to establish that he is disabled or to controvert the opinion of his physician that he is capable of working in certain employment settings. Therefore, we do not find that the workers’ compensation court’s judgment is manifestly erroneous or clearly wrong in light of the evidence contained in the record on appeal.
For the foregoing reasons, we affirm the judgment of the workers’ compensation court.
AFFIRMED.