934 So.2d 201 (2006)
Donald L. MASINTER
v.
AKAL SECURITY, INC.
No. 2005-CA-1236.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 2006.
*202 Gregory S. Unger, Workers' Compensation, L.L.C., Metairie, LA, for Plaintiff/Appellant.
John J. Rabalais, Janice B. Unland, Robert T. Lorio, Thomas B. Delsa, Rabalais, *203 Unland & Lorio, Covington, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS SR., Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Donald Masinter appeals the dismissal of his workers' compensation claim against his employer for a disability allegedly caused by an accident which occurred during the course and scope of his employment.

STATEMENT OF THE CASE
This is a workers' compensation case in which Appellant, Donald Masinter ("Mr. Masinter"), seeks compensation for injuries sustained in work related accident occurring on November 14, 2002. Mr. Masinter tripped and fell on a piece of floor that was under construction while he was employed as security guard with AKAL Security, Inc., at the Federal Court Building in New Orleans, Louisiana. On December 31, 2003, Mr. Masinter filed suit, seeking indemnity benefits, medical benefits and penalties and attorney fees. He has alleged injuries to his back, neck, right shoulder and knees.
On the day of the accident, Mr. Masinter went to investigate an alarm that had gone off during construction on the Federal Courthouse. He put his key in the door, turned of the alarm, locked the door, and when he turned around, his foot struck a piece of mortar on the ground and he fell. He hit the floor with his knees arms, and then landed on his gun, which was attached to his hip. He cut the skin under his right kneecap.
The accident was reported immediately, and Wendy Carpenter, a nurse at the Hale Boggs Federal Courthouse, examined Mr. Masinter that day. Mr. Masinter's family physician, Dr. James Maher, examined him on November 27, 2002. Mr. Masinter began treating with his choice of orthopedic surgeon, Dr. John Watermeier, on January 23, 2003.
Mr. Masinter continued to work for AKAL Security, Inc., in the same capacity until November 14, 2003, when he was placed on "leave without pay" status because his employer could not accommodate the physical restrictions that were imposed by Dr. Watermeier on November 5, 2003. Mr. Masinter has not worked since November 14, 2003.

ACTION OF THE TRIAL COURT
Mr. Masinter filed his Disputed Claim for Compensation (LDOL-1008) on December 31, 2003. Trial was held on February 15, 2005. A final judgment denying Mr. Masinter's claim for compensation benefits was rendered and signed on April 1, 2005. Written reasons were assigned on June 27, 2005. Mr. Masinter filed a Motion for Devolutive Appeal on April 6, 2005.

ASSIGNMENT OF ERROR
Appellant alleges that the trial court erred in determining that Mr. Masinter failed to prove causation, because the court failed to apply the legal presumption that Mr. Masinter's work injury aggravated, accelerated or combined with his preexisting disease or infirmity to produce his disability.

STANDARD OF REVIEW
Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review. Wilkerson v. City of New Orleans Fire Dept., XXXX-XXXX (La. App. 4 Cir. 3/3/04); 871 So.2d 375, 378. Under this standard, the issue is not whether the trier of fact was right or wrong but whether the factfinder's conclusion was a reasonable one. Banks v. Industrial *204 Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97); 696 So.2d 551, 556. Where there are two permissible views of evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State Through Dept. of Transportation and Development, 617 So.2d 880, 882-83 (La.1993). Accordingly, if the factfinder's findings are reasonable in light of the record reviewed in its entirety, this court may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Wilkerson, XXXX-XXXX (La.App. 4 Cir. 3/3/04); 871 So.2d at 378.

LAW AND ANALYSIS
An injured employee is entitled to receive benefits for an injury that arises out of and in the course and scope of his employment. LSA-R.S. 23:1031(A). In order to recover, the injured employee must establish (1) a work related accident; (2) a disability; and (3) a causal connection between the accident and the disability. Wilkerson v. City of New Orleans Fire Dept., XXXX-XXXX (La.App. 4 Cir. 3/3/04); 871 So.2d 375, 378.
Mr. Masinter has alleged that the fall on November 14, 2002, aggravated pre-existing injuries. It is undisputed the Mr. Masinter was involved in a work related accident. It is also undisputed that Mr. Masinter has a disability.
In a worker's compensation case, the injured employee bears the initial burden of establishing the causal connection between the disability and the employment accident by a reasonable preponderance of the evidence. Quinones v. U.S. Fidelity and Guar. Co., 93-1648 (La.1/14/94); 630 So.2d 1303, 1306. It is not necessary for the injured employee to establish the exact cause of the disability, but it is necessary for the injured employee to demonstrate by a preponderance of proof that the accident has a causal relationship with the disability. Quinones, 93-1648 (La.1/14/94); 630 So.2d 1303, 1306.
Mr. Masinter's condition deteriorated following the accident. Mr. Masinter began treating with his choice of orthopedic surgeon, Dr. John Watermeier, on January 23, 2003. Dr. Watermeier allowed Mr. Masinter to continue working in his regular employment as a court security officer, although he expressed his concerns about doing so. Dr. Watermeier ordered a cervical and lumbar MRI and EMG of the upper and lower extremities. Mr. Masinter's orthopedic problems were continuing as of April 23, 2003, his next visit to Dr. Watermeier, when his right knee was injected. Mr. Masinter was now complaining of disturbed sleep and Dr. Watermeier noted that he walked with a stiff gait. However, Mr. Masinter was allowed to work regular duty. Dr. Watermeier next examined Mr. Masinter on June 4, 2003 and noted a worsening of Mr. Masinter's cervical condition. Dr. Watermeier ordered a muscle stimulator, and again released Mr. Masinter to work regular duty. Mr. Masinter was examined on August 27, 2003 and was again allowed to work regular duty, although Dr. Watermeier noted continued worsening of the cervical condition and worsening of the lumbar condition. On November 5, 2003, Mr. Masinter was complaining of worsening neck, back, right shoulder pain and right hip pain. Dr. Watermeier noted cervical radiculopathy, right shoulder pain, loss of motion and weakness, and bi-lateral hand pain, numbness, tingling and weakness. He injected Mr. Masinter's right shoulder. He reviewed cervical and lumbar MRIs and noted degenerative disc disease and disc bulges at multiple levels. Dr. Watermeier ordered a lumbar paravertebral selective nerve root block. For the first time, Dr. *205 Watermeier limited Mr. Masinter to light duty, with restrictions on stooping or bending, lifting, and repetitive activity. Mr. Masinter had to alternate sitting and standing and was restricted from prolonged looking up or down. Dr. Watermeier again limited Mr. Masinter to light duty employment when he examined him on February 11, 2004 and April 5, 2004. Dr. Watermeier recommended a right shoulder arthroscopy and prescribed a soft cervical collar on February 11, 2004.
Appellee points out that at the time of the accident, Mr. Masinter was a 69 year-old man with a long history of medical problems. He was diagnosed with peripheral neuropathy, restless leg syndrome and lumbar disc disease in 1993 by his neurologist. At his initial visit with the neurologist in 1993, Mr. Masinter reported back problems as long as he could remember. He was in a motor vehicle accident in 2000, after which he received treatment for pain in his neck, bilateral arms, elbow, lower back and upper back. The medical records show that the claimant had a herniated disc in his back as early as 2001, the same one for which he was receiving treatment as early as approximately one month before his alleged accident on November 14, 2002. In fact, Mr. Masinter was treating with Dr. David Shawa, a pain management specialist, for epidural steroid injections for pain in his back and leg at least as late as October 7, 2002, only one month prior to his alleged accident. On that date, Mr. Masinter was complaining of pain rating 9 out of 10, on a scale of 1 to 10.
In addition, Mr. Masinter had right shoulder problems prior to the alleged work accident in November of 2002. The records from Mr. Masinter's neurologist show right shoulder problems as early as 1985, with paresthsia in the right hand. Furthermore, the same neurologist rendered an opinion on October 30, 2003, stating that Mr. Masinter had congenital myopathy causing muscle weakness in his legs, which restricts him from vigorous intensity physical exercise. Medical records from the Department of Veterans Affairs confirm Mr. Masinter's significant pre-existing leg problems.
It is undisputed that a month before his accident Mr. Masinter was in pain. It is also undisputed that in the year following his accident Mr. Masinter's physical condition worsened to the point where he could no longer work. We have to determine whether it was an abuse of discretion to find that the accident did not cause or aggravate his previously precarious health to worsen.
Mr. Masinter argues that there is a legal presumption that his disability was caused by the accident. The Supreme Court wrote that:
A claimant's disability is presumed to have resulted from an accident ... if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing either that there is sufficient medical evidence to show there to be a reasonable possibility of causal connection between the accident and the disabling condition ... or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection.
Walton v. Normandy Village Homes Ass'n, Inc., 475 So.2d 320, 324 (La.1985) (internal citations omitted). This presumption is inapposite to this case, since Mr. Masinter clearly was not "in good health" before the accident. Mr. Masinter contends that we should define "good health" simply as the absence of disability. We believe that absence of a disability is a characteristic of "good health," but not *206 the definition. Mr. Masinter was not disabled prior to the accident, but his health was not great.
Mr. Masinter testified that he had been in car accidents in 2000 and in March 2004, and he was treated for both. He also testified that in 1985 he was having problems with his right shoulder as well as the grip in his right hand. He also admitted that he had congenital myopathy before the accident, which causes muscle weakness in his legs and restricts his movement. In addition, the claimant never complained of any shoulder problems to Dr. Watermeier until November 5, 2003.
We believe that the trial court denied the claim because Mr. Masinter was a 69-year old man with extensive medical problems for which he received medical treatment up until the time of the accident. The denial of Mr. Masinter's claim was reasonable, considering the following facts: he worked for a year without his injuries interfering with his ability to work; he had previously had been diagnosed with congenital myopathy and a degenerative spinal condition; he was involved in car accidents in 2000 and 2004; he stated that he had a lot of pain in his back a month before the accident; and, he was 69 years old at the time of the accident. We review the trial court's decision using an abuse of discretion standard. We might have made a different factual determination, but we cannot say that the trial court was manifestly erroneous in denying Mr. Masinter's claim.

CONCLUSION
For the foregoing reasons, the opinion from the Office of Workers' Compensation Administration is affirmed.
AFFIRMED.